Docket No. 80913–Agenda 13–May 1997.

RONALD MARSH, Appellant, v. THE ILLINOIS RACING BOARD 
et al
., Appellees.

Opinion filed November 20, 1997.

CHIEF JUSTICE FREEMAN delivered the opinion of the court:

We are called upon in this case to determine whether the issuance of a stay of an administrative order pending judicial review constitutes an injunction for purposes of an appeal under Supreme Court Rule 307(a)(1) (166 Ill. 2d R. 307(a)(1)). For the reasons that follow, we hold that it does.

BACKGROUND

Prior to the commencement of this action, plaintiff, Ronald Marsh, was licensed as an owner and driver of standardbred horses pursuant to the Illinois Horse Racing Act of 1975. See 230 ILCS 5/15 (West 1994). On December 7, 1995, racing stewards at Maywood Park Racetrack issued a ruling which excluded Marsh from all racetracks and wagering locations pending an investigation of two harness races in which Marsh had participated. Several days later, the stewards issued a second ruling which revoked Marsh's license and declared him ineligible for future licensure. The stewards' disciplinary action stemmed from their finding that Marsh had furthered an unlawful betting scheme by failing to give his best effort in  two races. Marsh appealed the rulings to defendant Illinois Racing Board (Racing Board), the administrative agency legislatively mandated to implement the Horse Racing Act. See 230 ILCS 5/16(c) (West 1994). The hearing, which was concluded on December 21, 1995, was conducted by a hearing officer as permitted under the Horse Racing Act. On January 9, 1996, the Racing Board issued an order which upheld the stewards' rulings and which declared Marsh ineligible for future licensure in any capacity.

Marsh subsequently filed a complaint for administrative review of the Racing Board's order in the circuit court of Cook County. See 230 ILCS 5/46 (West 1994) (providing that final decisions be reviewed pursuant to the Administrative Review Law). The complaint named as defendants the Racing Board, eight board members in their individual capacity, and the three racing stewards who had issued the initial disciplinary rulings. Marsh also filed an emergency motion to stay the Racing Board's decision, pursuant to section 3–111(a)(1) of the Administrative Review Law (Review Law) (735 ILCS 5/3–111(a)(1) (West 1994)). On February 9, 1996, the circuit court entered an order which stayed the Racing Board's decision “pending a decision on administrative review.” Defendants then filed an interlocutory appeal from the circuit court's order, pursuant to Rule 307(a)(1). Several days later, they filed an emergency motion in the appellate court, seeking a stay of the circuit court's order pending the interlocutory appeal. Although Marsh objected to the motion on the ground that the circuit court's stay order was not appealable under Rule 307(a)(1), the appellate court granted the emergency motion to stay the circuit court's order and remanded the cause to the circuit court. We allowed Marsh's petition for leave to appeal (166 Ill. 2d R. 315(a)) and now remand the matter to the appellate court.

ANALYSIS

I

The parties initially dispute whether Rule 307(a)(1), which provides for appeals of right from orders “granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction” (166 Ill. 2d R. 307(a)(1)), permits the appeal of a stay order entered by the circuit court pursuant to section 3–111(a)(1) of the Administrative Review Law. See 735 ILCS 5/3–111(a)(1) (West 1994). Relying on several decisions of our appellate court, defendants maintain that under the circumstances of this case, review under Rule 307(a)(1) is proper because the entry of the stay amounted to an order that enjoined the Racing Board from giving effect to its administrative decision concerning Marsh's license. See 
Coordinating Committee of Mechanical Specialty Contractors Ass'n v. O'Connor
, 92 Ill. App. 3d 318 (1980); 
Cahokia Sportservice, Inc. v. Illinois Liquor Control Comm'n
, 32 Ill. App. 3d 801 (1975). According to defendants, the circuit court's order is, in essence, an injunction and, as such, is subject to interlocutory review under Rule 307(a)(1). Marsh, pointing to contrary authority from the appellate court, counters that the circuit court's stay order is not appealable under Rule 307(a)(1) because the elements for a stay under the Review Law do not rise to the level of those traditionally required for injunctive relief. See 
Gorr v. Board of Fire & Police Commissioners
, 129 Ill. App. 3d 327 (1984).

We begin our analysis of this issue with a general overview of this court's past pronouncements concerning the appealability of injunctive orders under Rule 307(a)(1). In 
In re A Minor
, this court provided an exhaustive discussion on the question, which we believe lends guidance to the question raised today:

“To determine what constitutes an appealable injunctive order under Rule 307(a)(1) we look to the substance of the action, not its form. (
Bohn Aluminum & Brass Co. v. Barker
 (1973) 55 Ill. 2d 177, 180.) An apple calling itself an orange remains an apple. Actions of the circuit court having the force and effect of injunctions are still appealable even if called something else. Temporary restraining orders are reviewable (
Bohn Aluminum
, 55 Ill. 2d at 178), and in 
Valente v. Maida
 (1960), 24 Ill. App. 2d 144, 149, which we cited with approval in 
Bohn Aluminum
, an order staying proceedings in a case pending the rendition of judgment in a related case was treated as a reviewable order, notwithstanding the fact that the order used the term `stay' rather than `injunction.' Similar results have been reached with respect to an order denying a motion for a stay of proceedings pending arbitration (
School District No. 46 v. Del Bianco
 (1966), 68 Ill. App. 2d 145; 
Applicolor, Inc. v. Surface Combustion Corp.
 (1966), 77 Ill. App. 2d 260), and the denial of a motion to stay proceedings in one case until the conclusion of an appeal in a different case (
Wiseman v. Law Research, Inc.
 (1971), 133 Ill. App. 2d 790). While we express no opinion as to the merits of these appellate court cases, they do reflect a policy of broadly construing the meaning of the term `injunction.' ” 
In re A Minor
, 127 Ill. 2d 247, 260-61 (1989).

In view of these expansive comments, it is not surprising, perhaps, that defendants urge us to simply deem the circuit court's “stay” an “injunction” and hold that jurisdiction under Rule 307(a)(1) is proper. In fact, this is precisely what both of the appellate panels did in the opinions cited to us by defendants. See 
Cahokia
, 32 Ill. App. 3d at 807 (citing without discussion 
Medline Industries, Inc. v. Pascal
, 23 Ill. App. 3d 346 (1974), and 
Wiseman v. Law Research, Inc.
, 133 Ill. App. 2d 790 (1971)).
(footnote: 1) In our view, however, such an approach oversimplifies the issue and overlooks the fact that the putative “injunctive order” in this case was, unlike the orders in the cases cited in the above passage, issued in accordance with a comprehensive statutory structure, 
i.e.
, the Review Law. Indeed, it was this fact which caused the 
Gorr
 court to hold that it lacked jurisdiction to review the issuance of the stay. We, therefore, choose to address this issue with reference to the specific statutory scheme under which it arose.

The Illinois Constitution of 1970 states that our circuit courts shall have the power to review administrative actions “as provided by law.” Ill. Const. 1970, art. VI, §9. To that end, the General Assembly has chosen to afford litigants the right to judicial review of all final decisions of the Racing Board in accordance with the provisions of the Illinois Administrative Review Law. 230 ILCS 5/46 (West 1994). Characterized as a “departure from the common law” (
Winston v. Zoning Board of Appeals
, 407 Ill. 588, 595 (1950)), the Administrative Review Law, as it is currently titled, eliminates, in those cases to which it applies, any other statutory, equitable, or common law remedies by which administrative determinations had previously been reviewed. 
Dubin v. Personnel Board
, 128 Ill. 2d 490, 497 (1989). Specifically, the legislature designed the Review Law “to channel into a single procedure the judicial review of the decisions made by administrative agencies in particular cases.” 
People ex rel. Naughton v. Swank
, 58 Ill. 2d 95, 102 (1974). As a result, the rights of the parties to appellate review of the stay are governed by this statutory scheme.

The circuit court entered the stay in this case pursuant to section 3–111(a)(1) of the Review Law, which provides in pertinent part:

“The circuit court has power:

*** with or without requiring bond (except if otherwise provided in the particular statute under authority of which the administrative decision was entered), and before or after answer filed, upon notice to the agency and good cause shown, to stay the decision of the administrative agency in whole or in part pending final disposition of the case.” 735 ILCS 5/3–111(a)(1) (West 1994).

Clearly, a stay order entered pursuant to this statute is interlocutory in nature and cannot be deemed a final order for purposes of appeal. See, 
e.g.
, 
Towns v. Yellow Cab Co.
, 73 Ill. 2d 113 (1978) (holding only those orders that determine and fix absolutely and finally the rights of the parties in the suit are “final” for purposes of appeal). Although the Review Law specifically provides for appeals from final decisions, orders, or judgments of the circuit court (see 735 ILCS 5/3–112 (West 1994)), it is silent as to whether a litigant is entitled to interlocutory relief.

Both parties direct our attention to this court's opinion in 
Ardt v. Illinois Department of Professional Regulation
, 154 Ill. 2d 138 (1992). In 
Ardt
, the Department of Professional Regulation, acting pursuant to the Illinois Dental Practice Act, placed a dentist on probation for two years for violating certain advertising regulations. The dentist then filed a complaint for administrative review in which he maintained that the regulations violated his constitutional right of free speech. He also filed a petition for a temporary restraining order, seeking a stay of the Department's decision on the basis that the decision improperly inhibited the exercise of his right of free speech. The circuit court granted the requested relief despite the fact that the Dental Practice Act expressly prohibited the suspension of any sanctions during judicial review. See 
Ardt v. Department of Professional Regulation
, 218 Ill. App. 3d 61, 63-64 (1991). The Department filed an interlocutory appeal seeking reversal of the stay. That appeal, however, was later consolidated with the dentist's appeal from the circuit court's final decision in the case, which affirmed the Department's determination on the merits. The appellate court affirmed the circuit court's decision, but modified it to reflect that only one of the advertising regulations at issue was unconstitutional. 
Ardt
, 218 Ill. App. 3d 61. With respect to the issuance of the temporary restraining order, the appellate court held that the circuit court correctly granted the relief, ruling that the provision of the Dental Practice Act which prohibited the suspension of sanctions during judicial review improperly infringed upon the equitable powers of the circuit court. 
Ardt
, 218 Ill. App. 3d at 65-66.

On appeal to this court, the Department argued that the specific provisions of the empowering statute, 
i.e.
, the Dental Practice Act, should be strictly complied with because it is that statute which provides the court with the jurisdiction to hear the matter. In support of this argument, the Department pointed out that had the circuit court retained its inherent equitable powers in cases involving judicial review of administrative orders, as the appellate court had held, the General Assembly would not have needed to specifically provide for a stay provision (section 3–111(a)(1)) in the Review Law. This court rejected both arguments. We initially noted that although statutes such as the Dental Practice Act may give a circuit court subject matter jurisdiction, the court nonetheless retains its traditional equitable powers. Such “inherent” equitable power, derived from the “historic” power of equity courts, cannot be taken away or abridged by the legislature. 
Ardt
, 154 Ill. 2d at 146. Because a “stay or temporary restraining order is a 
type
 of injunction, which is distinctly an equitable remedy” (emphasis added) and because all courts have the authority to issue temporary restraining orders and preliminary injunctions during the pendency of the cases before them, we concluded that the circuit court had the authority to issue the stay despite the prohibition contained in section 32 of the Dental Practice Act. 
Ardt
, 154 Ill. 2d at 146. Moreover, we did not view inclusion of the section 3–111(a)(1) stay provision as evidence that the court lost its inherent powers with the passage of the Review Law. Rather, section 3–111(a)(1) “was intended to give the court broad judicial discretion to grant or deny a stay of an administrative decision without applying traditional standards applicable for the issuance of injunctions.” 
Ardt
, 154 Ill. 2d at 147, citing 
Gorr
, 129 Ill. App. 3d 327.

We acknowledge that 
Ardt
 does not answer the jurisdictional question present in the case at bar, 
i.e.
, whether a stay issued in accordance with section 3–111(a)(1) constitutes an appealable injunction under Rule 307(a)(1). In fact, the opinion makes no reference to jurisdiction. Rather, this court was concerned only with whether the General Assembly violated the separation of powers doctrine in the Dental Practice Act. Nevertheless, 
Ardt
 is instructive. Citing to 
Cahokia
, 
Ardt
 states that a stay is a “type” of injunction. Moreover, relying on 
Gorr
, 
Ardt
 tells us that by enacting section 3–111(a)(1), the General Assembly intended to give the circuit court broad discretion to stay an administrative decisions without resort to the traditional elements of injunctive relief. These statements do not conflict. In our view, by enacting section 3–111(a)(1) the General Assembly specifically permitted the circuit court to exercise its inherent “equitable” authority without employing more stringent elements traditionally associated with injunctive relief. Simply stated, the General Assembly enacted a specific stay provision which 
made it easier
 for a party to receive the benefits of injunctive relief within the context of the Review Law.

In light of the foregoing, we disagree with the 
Gorr
 opinion to the extent that it holds that because the elements needed for a stay under the Review Law are not as stringent as those necessary for a traditional injunction, Rule 307(a)(1) jurisdiction cannot be invoked. Although the circuit court may grant the stay in accordance with statutory criteria, as opposed to equitable criteria, the injunctive nature of the order remains the same. Therefore, the stay order is entitled to appellate review to insure that the circuit court granted the relief in accordance with the statutory criteria. This is particularly true in administrative review actions where the public health and welfare might be jeopardized by a stay of an administrative decision. Accordingly, we hold that the appellate court in this case did not err in exercising its jurisdiction over the appeal of the circuit court's entry of the stay order.

II

Marsh next contends that should this court uphold the appellate court's invocation of jurisdiction, we must nevertheless remand the matter to the appellate court so that it can decide the merits of the defendants' appeal. The resolution of this issue necessitates a detailed examination of the events which took place in the appellate court following the filing of defendants' notice of interlocutory appeal.

The appellate court order which we review today consists, in pertinent part, of the following two sentences:

“IT IS HEREBY ORDERED that [Defendant's] Emergency Motion for Stay of the February 9, 1996 Order 
Pending Appeal
 is hereby Granted/
Denied
. The case is REMANDED to the circuit court.”

The bottom portion of the order bears the signature of the four appellate justices who decided the case. This order was entered pursuant to defendants' motion for a stay of the circuit court's stay order 
pending appeal
. Marsh had objected to the motion, raising the jurisdictional question discussed in the first part of this opinion. In entering the order, the appellate court granted defendants the stay, but instead of entertaining the merits of the appeal, 
i.e.
, determining whether the circuit court had abused its discretion in granting the stay under section 3–111(a)(1), the appellate court remanded the matter. The appellate court thereafter denied Marsh's motion for clarification of the above-quoted order, and we granted Marsh's petition for leave to appeal.

We are troubled by the appellate court's actions in this case and are at somewhat of a loss as to how we should characterize them. By issuing its own stay of the circuit court's stay order, the appellate court's disposition resembles an order usually entered by a court pursuant to some supervisory power. However, our appellate court does not possess the supervisory powers enjoyed by this court and is, therefore, without power to issue such orders. See Ill. Const. 1970, art. VI, §16; 
People v. Garrett
, 139 Ill. 2d 189, 193-94 (1990). Although Supreme Court Rule 366(a)(5) allows the appellate court to “make any other and further orders *** that the case may require” (155 Ill. 2d R. 366(a)(5)), defendants' interlocutory appeal in this case was taken from the circuit court's order which stayed the effect of an administrative decision pending judicial review. On review, such an order, of course, is not subject to “further order” but rather to a determination concerning its propriety.

On the other hand, the appellate court's order also resembles a summary order under Supreme Court Rule 23 because the appellate court's stay, coupled with its remandment order, in effect, summarily reversed the stay entered by the circuit court. See 166 Ill. 2d R. 23. Thus, we must determine whether this type of an appeal falls within the purview of the summary order provision contained in Rule 23. As stated elsewhere in this opinion, section 3–111(a)(1) of the Review Law gives the circuit court broad discretion to stay an administrative decision pending review. Accordingly, the circuit court's decision will be reversed only upon a showing of an abuse of that discretion. However, Rule 23 allows for the use of a summary order only in those cases in which “the trial court *** 
did not
 abuse its discretion.” (Emphasis added.) See 166 Ill. 2d R. 23(c)(7). The appellate court's actions in this case certainly imply that the court deemed the circuit court's action to be an abuse of discretion. If that is so, the use of a summary order was inappropriate.

As the foregoing suggests, we cannot glean from either the record on appeal or the language in the appellate court's order the true nature of the order or the rationale for the relief granted in it. Although not raised by the parties, the appellate court's unusual actions in this case may have stemmed from the court's desire to decide the appeal swiftly so as not to prolong a final decision on the merits of Marsh's complaint. These concerns are legitimate–a final decision on the matter has yet to be rendered in the circuit court due to this interlocutory appeal. Such concerns, however, are better addressed by the use of Supreme Court Rule 311, which provides the appellate court with the means by which to hear an appeal on an expedited basis. See 155 Ill. 2d R. 311. We trust that the procedure employed by the appellate court in this case will not be repeated in future cases involving stays of administrative decisions. We, therefore, vacate the appellate court's stay of the circuit court's order and remand the cause to the appellate court for a determination of the merits of defendant's appeal.

CONCLUSION

The appellate court in this case had jurisdiction under Rule 307(a)(1) to entertain defendants' appeal of the circuit court's stay order. However, we vacate the appellate court's order and remand the cause to the appellate court for further proceedings not inconsistent with this opinion.

Vacated and remanded
.

FOOTNOTES
1: We note that in the other case relied upon by defendants, the appellate court never actually questioned its jurisdiction. 
See 
O'Connor
, 92 Ill. App. 3d 318. The appellate court merely cited 
Cahokia
 for the proposition that in actions under the Review Law, the circuit court's power to stay the administrative decision stems from its inherent powers to do equity and that the standard of review is the same as that used by the appellate court when reviewing orders granting preliminary injunctions. 
O'Connor
, 92 Ill. App. 3d at 320.