No. 2--06--0106                                    filed: 11/16/06

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| ROY KINN, | ) | Appeal from the Circuit Court |
| | ) | of Winnebago County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 05--MR--100 |
| | ) | |
| PRAIRIE FARMS/MULLER PINEHURST, | ) | Honorable |
| | ) | Ronald L. Pirrello, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the opinion of the court:

Plaintiff, Roy Kinn, and defendant, Prairie Farms/Muller Pinehurst, agreed to settle plaintiff's workers' compensation claim. After plaintiff discovered that a medical bill remained unpaid, he sued defendant in the circuit court of Winnebago County to rescind the settlement agreement. Plaintiff's amended complaint alleged unilateral mistake, mutual mistake, and fraud. The trial court dismissed the complaint, holding that it lacked jurisdiction to consider the first two claims and that plaintiff had not adequately pleaded the third. Plaintiff appeals, contending that the trial court had jurisdiction to set aside a workers' compensation settlement on the grounds of unilateral mistake and mutual mistake and that his complaint sufficiently pleaded fraud. We affirm.

The following facts are taken from the amended complaint. Plaintiff worked for defendant as a truck driver. He developed carpal tunnel syndrome and filed a workers' compensation claim.

While the claim was pending, plaintiff regularly submitted his medical bills to defendant, which paid them through its workers' compensation insurer.

On November 13, 2003, an arbitrator approved a workers' compensation settlement agreement. The agreement provides in pertinent part as follows:

"Issues exist between the parties as to whether petitioner has incurred injuries to the degree alleged and whether or not such injuries are compensable, and this settlement is made to amicably settle all issues. This settlement includes liability for temporary total compensation and all medical, surgical, and hospital expenses, past or future, for all of which petitioner expressly assumes responsibility."

The agreement also provides:

"The employer has ___ has not _X_ paid all medical bills. List unpaid bills in the space below."

Below that line is typed "See terms."

Sometime later, plaintiff discovered that a bill for $2,021.05 from Rehabilitation Associates of Illinois (RANI) had not been paid. On March 23, 2005, plaintiff filed this action to rescind the settlement. The amended complaint alleged unilateral mistake, mutual mistake, and fraud. The trial court dismissed the counts based on mistake on the ground that it lacked subject matter jurisdiction to rescind a workers' compensation settlement for that reason. It dismissed the third count on the ground that plaintiff did not adequately plead fraud. Plaintiff timely appeals.

Plaintiff first contends that the trial court erred by holding that it lacked subject matter jurisdiction to rescind a workers' compensation settlement agreement on the grounds of unilateral mistake and mutual mistake. Section 2--619(a)(1) of the Code of Civil Procedure (the Code) (735

ILCS 5/2--619(a)(1) (West 2004)) provides that an action may be dismissed on the ground that the court lacks subject matter jurisdiction. Where a complaint is dismissed pursuant to section 2--619, the questions on appeal are whether a genuine issue of material fact exists and whether the defendant is entitled to judgment as a matter of law. Gray v. National Restoration Systems, Inc., 354 Ill. App. 3d 345, 354-55 (2004). We review de novo an order dismissing an action pursuant to section 2--619. Gray, 354 Ill. App. 3d at 355.

Defendant responds that the Workers' Compensation Act (the Act) (820 ILCS 305/1 et seq. (West 2004)) strictly limits the circuit courts' power to review workers' compensation settlements. Defendant argues that because plaintiff did not seek review of the settlement within 20 days, as the Act provides, the circuit court lacked jurisdiction to rescind the agreement except on the ground of fraud. We agree.

Generally, the Illinois Workers' Compensation Commission (the Commission) is the exclusive forum for adjudicating disputes arising out of work-related injuries. Section 19(f) of the Act provides that a "decision of the Commission acting within its powers, according to the provisions of paragraph (e) of this Section shall, in the absence of fraud, be conclusive unless reviewed as in this paragraph hereinafter provided." 820 ILCS 305/19(f) (West 2004). Section 19(f)(1) provides that a proceeding for review must be commenced within 20 days after the party seeking review received the Commission's decision. 820 ILCS 305/19(f)(1) (West 2004). A settlement contract approved by the Commission has the same legal effect as a Commission award, and an approved settlement becomes final after 20 days if neither party seeks review. Alvarado v. Industrial Comm'n, 216 Ill. 2d 547, 555 (2005).

A circuit court reviewing a workers' compensation award exercises special statutory jurisdiction, and a plaintiff must comply with the statutory prerequisites for the circuit court to have subject matter jurisdiction. Jones v. Industrial Comm'n, 188 Ill. 2d 314, 320 (1999); Bracy v. Industrial Comm'n, 338 Ill. App. 3d 285, 286 (2003); see also Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc., 199 Ill. 2d 325 (2002) (subject matter jurisdiction in administrative review proceedings may be limited by statute). In Boalbey v. Industrial Comm'n, 66 Ill. 2d 217, 220 (1977), the court held that failing to comply with the 20-day limit deprived the circuit court of jurisdiction to review a workers' compensation award. Here, the arbitrator approved the settlement on November 13, 2003. Neither party sought review within 20 days, and the settlement therefore became a final order of the Commission. The circuit court thus lacked the power to review the settlement, unless there was fraud.

Plaintiff makes several arguments in attempting to avoid this conclusion. He first contends that appellate courts have in fact exercised their equitable powers to rescind workers' compensation settlements on the basis of mistake. However, the only case he cites for this proposition, Cameron v. Bogusz, 305 Ill. App. 3d 267 (1999), is inapposite. That case did not involve a workers' compensation settlement approved by the Commission, but a workers' compensation lien that the employer had filed in the employee's legal malpractice action against his former attorneys. Cameron, 305 Ill. App. 3d at 269-70. Thus, Cameron does not support the contention that circuit or appellate courts may rescind workers' compensation settlements when no review is sought within 20 days after final approval.

Plaintiff next contends that the limitations on circuit court review in section 19 of the Act do not apply to approved settlements. Plaintiff contends, in essence, that this provision applies only to

Commission decisions following contested hearings. Plaintiff points out that the 20-day review provision of section 19(f) specifically refers to subsection (e). That section, in turn, governs "hearings" before the Commission. Plaintiff argues that, because the parties settled the matter, no hearing was held and, accordingly, subsection (f) does not apply. We disagree.

As noted, an approved settlement becomes a decision of the Commission. The above-cited cases refer to the subject matter jurisdiction of a circuit court to review a Commission decision, making no distinction between a decision rendered following a contested hearing and a decision rendered pursuant to a settlement agreement.

Moreover, statutes should be construed in a manner that avoids absurd, unreasonable, unjust, or inconvenient results. In re Mary Ann P., 202 Ill. 2d 393, 406 (2002). Construing the statute as plaintiff suggests would indeed lead to absurd and unjust results. According to plaintiff, a decision rendered following a contested hearing is strictly subject to section 19(f)'s 20-day review requirement, while a settlement agreement is not. Accordingly, either party could petition a circuit court to set aside a settlement agreement many years later. It would be absurd to hold that a decision following a contested hearing is binding on the parties but a settlement--the express purpose of which is to terminate the controversy amicably--is not. One of the Act's primary purposes is to compensate claimants as early and as thoroughly as possible for income lost due to job-related injuries. Board of Education of the City of Chicago v. Industrial Comm'n, 93 Ill. 2d 1, 14 (1982). Accordingly, the Act expressly encourages settlement of claims. 820 ILCS 305/16a(A) (West 2004); Alvarado, 216 Ill. 2d at 560. This purpose would be completely defeated if a settlement could be challenged by either party at any time. An injured worker who settled his claim and spent the money to support his family would face financial ruin if the employer attempted to rescind the agreement

by alleging that it was mistaken about some underlying fact. Even if the challenge were unsuccessful, the employee could be faced with large legal fees in defending the settlement.

Citing Marsh v. Illinois Racing Board, 179 Ill. 2d 488 (1997), plaintiff argues that rescinding a contract is an equitable power of the circuit court that the legislature may not abridge, but plaintiff's reliance on Marsh is misplaced. "Equitable powers" generally refers to a court's authority to award a particular remedy in a case properly before it, rather than to the court's subject matter jurisdiction. In Marsh, for example, the issue was whether the circuit court had the authority to stay the agency's decision. The supreme court held that this was part of the court's " 'inherent' equitable power" that the legislature could not abridge. Marsh, 179 Ill. 2d at 495, quoting Ardt v. Illinois Department of Professional Regulation, 154 Ill. 2d 138, 146 (1992). There was no question that the plaintiff in Marsh had properly invoked the circuit court's jurisdiction. See Marsh, 179 Ill. 2d at 490. Marsh does not stand for the proposition that a circuit court may exercise its equitable powers where its jurisdiction has not been properly invoked.

Plaintiff's second major contention is that the trial court erred by dismissing the count of his complaint alleging fraud. A complaint should be dismissed under section 2--615 of the Code (735 ILCS 5/2--615 (West 2004)) for failure to state a cause of action only when it clearly appears that no set of facts could be proved under the pleadings that would entitle the plaintiff to relief. Ogle v. Fuiten, 102 Ill. 2d 356, 360-61 (1984); Capitol Indemnity Corp. v. Stewart Smith Intermediaries, Inc., 229 Ill. App. 3d 119, 123 (1992). We review de novo the dismissal of a complaint pursuant to section 2--615. Borowiec v. Gateway 2000, Inc., 331 Ill. App. 3d 842, 846 (2002).

Plaintiff's argument apparently goes as follows. Plaintiff diligently submitted all his medical bills to defendant for payment. At no time did defendant tell plaintiff that any unpaid bills were

disputed for any reason. The settlement agreement does not specifically list any bills as unpaid. Therefore, according to plaintiff, because plaintiff "had diligently submitted the bill to the Defendant/employer for payment in this claim which was not disputed on this matter of medical bills, [plaintiff] reasonably relied on Defendant's omission of the unpaid bill in the Medical Expenses section as a representation that the bill had been or would be paid by Defendant."

The parties disagree about the exact nature of plaintiff's claim. Defendant contends that the claim should be analyzed as one for fraudulent inducement, while plaintiff insists that the claim is one for fraudulent misrepresentation. The distinction is immaterial here. In either case, plaintiff had to allege that defendant made a statement of material fact that it knew or believed to be false, intending that plaintiff rely on it, and that he did so to his detriment. See Roadside Auto Body, Inc. v. Miller, 285 Ill. App. 3d 105, 113 (1996).

Plaintiff's fraud count fails on the first element: plaintiff simply has failed to allege that defendant knowingly made a false statement of material fact. Plaintiff insists that defendant fraudulently misrepresented that it had paid the RANI bill. However, the settlement, which is attached to the complaint and controls over any contrary allegations in the body of the complaint (Bajwa v. Metropolitan Life Insurance Co., 208 Ill. 2d 414, 431-32 (2004)), clearly states that all medical bills have not been paid. It further states that plaintiff expressly assumes liability for paying all medical expenses, past or future. We simply fail to see how express statements that all the medical bills had not been paid and that payment of the bills was plaintiff's responsibility amount to a misrepresentation that the bill in question had been paid.

By no amount of tortured logic can an express representation that all bills have not been paid be turned into an implicit representation that all bills have been paid. If plaintiff thought that the

failure to list any specific bills as unpaid meant that defendant was implicitly promising to pay them, the confusion should have been cleared up by the "terms" portion of the agreement. In the space to list bills that had not been paid appears the typewritten phrase "See terms." The "terms" section states that all medical bills are plaintiff's responsibility. Thus, defendant can in no way be said to have represented that it intended to pay any additional medical bills. As defendant points out, it cannot be accused of fraud simply because plaintiff did not read the agreement. Thus, the trial court properly dismissed the fraud count.

The judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

HUTCHINSON and O'MALLEY, JJ., concur.