TIMOTHY A. ROGERS *et al.*, on Behalf of Themselves and All Others Similarly Situated, Plaintiffs-Appellees, v. TYSON FOODS, INC., Defendant-Appellant.

Fifth District    No. 5—08—0205

Summary order filed August 11, 2008.—Motion to publish granted September 18, 2008.

Robert H. Shultz, Jr., of Heyl, Royster, Voelker & Allen, of Edwardsville, Karen L. Kendall, of Heyl, Royster, Voelker & Allen, of Peoria, and David B. Johnson and Alexa C. Warner, both of Sidley Austin, LLP, of Chicago, for appellant.

John W. Hoffman, of Korein Tillery, LLC, of St. Louis, Missouri, Herman Watson, Jr., Rebekah Keith McKinney, and Eric J. Artrip, all of Watson, Jimmerson, Martin, McKinney, Graffeo & Helms, P.C., of Huntsville, Alabama, J. Dudley Butler, of J. Dudley Butler, P.A., of Benton, Mississippi, Joe E. Whatley, Jr., of Whatley, Drake & Kallas, L.L.C., of Birmingham, Alabama, and Ron Parry, of Parry, Deering, Futscher & Sparks, P.S.C., of Covington, Kentucky, for appellees.

JUSTICE SPOMER delivered the opinion of the court:

The defendant, Tyson Foods, Inc., appeals from the order of the

circuit court of Madison County that denied its motion for a summary judgment. The defendant requested a summary judgment in its favor on the basis that federal law preempts the claims of the plaintiffs, Timothy A. Rogers and Alan Westfall, which they have brought on behalf of themselves and others similarly situated. For the reasons that follow, we dismiss the defendant's appeal for a lack of appellate jurisdiction.

The defendant's jurisdictional statement invokes the jurisdiction of this court to review interlocutory orders granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction. See 188 Ill. 2d R. 307(a)(1). The defendant cites *Kellerman v. MCI Telecommunications Corp.*, 112 Ill. 2d 428, 438 (1986), *May Department Stores Co. v. Teamsters Union Local No. 743*, 64 Ill. 2d 153, 158 (1976), and *Crain v. Lucent Technologies, Inc.*, 317 Ill. App. 3d 486, 492 (2000), for the proposition that the denial of a motion asserting federal preemption as a complete defense to the plaintiffs' claims is subject to interlocutory appeal under Illinois Supreme Court Rule 307(a) (188 Ill. 2d R. 307(a)) because the "preemption argument brings into issue the authority of the trial court to enter the order appealed from." However, these cases dealt with whether the preemption issue was within the scope of the review of a properly appealable order granting or denying a motion to stay proceedings or a motion for a preliminary injunction. See *Kellerman*, 112 Ill. 2d at 434 ("[t]he trial court denied defendant's motion to dismiss or stay the actions"); *May Department Stores Co.*, 64 Ill. 2d at 158 ("[t]he circuit court issued a temporary restraining order and 10 days later allowed Venture's motion for a preliminary injunction"); *Crain*, 317 Ill. App. 3d at 491 ("the court held that plaintiff's action *** should not be stayed"). A stay is considered injunctive in nature, and thus an order granting or denying a stay fits squarely within Rule 307(a). See *Lundy v. Farmers Group, Inc.*, 322 Ill. App. 3d 214, 216 (2001).

The question in all the cases cited by the defendant was whether or not the preemption issue was sufficiently related to the authority of the circuit court to enter the properly appealable order granting or denying the injunction or stay in order to place the preemption issue within the scope of review. The cited cases do not stand for the proposition that the preemption issue is always appealable as an interlocutory appeal as of right under Illinois Supreme Court Rule 307(a). To hold otherwise would be to ignore the long-standing principle that only final judgments or orders are appealable unless the particular order falls within one of the eight specified exceptions enumerated by Illinois Supreme Court Rule 307. *Chapman v. United Insurance Co. of America*, 234 Ill. App. 3d 968, 970 (1992), citing *In re Marriage of*

Lentz, 79 Ill. 2d 400, 406-07 (1980). Although there may be compelling public policy reasons for allowing an interlocutory appeal of orders denying motions that establish a complete affirmative defense such as federal preemption, we are powerless to grant such interlocutory review. Unlike the courts in *Kellerman, May Department Stores Co.*, and *Crain*, this court is not in a position to determine whether the preemption issue is properly within the scope of review because an order denying a motion for a summary judgment is not a final judgment and is not subject to interlocutory appeal as of right. See *City of Chicago ex rel. Charles Equipment Co. v. United States Fidelity & Guaranty Co.*, 142 Ill. App. 3d 621, 629 (1986).

For the foregoing reasons, we dismiss the defendant's appeal for a lack of appellate jurisdiction.

Appeal dismissed.

STEWART, P.J., and GOLDENHERSH, J., concur.