No.3--09--1019

_____

Filed December 9, 2010

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2010


| | | |
|---|---|---|
| AVENTINE RENEWABLE ENERGY, INC., | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit Tazewell County, Illinois, |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 08--L--142 |
| JP MORGAN SECURITIES, INC. and JP MORGAN CHASE BANK, N.A., | ) ) ) | Honorable Scott A. Shore |
| Defendants-Appellees. | ) | Judge, Presiding. |

_____

JUSTICE LYTTON delivered the judgment of the court, with opinion.
Presiding Justice Holdridge specially concurred, with opinion.
Justice Schmidt dissented, with opinion.

OPINION

_____

Plaintiff Aventine Renewable Energy, Inc., invested in auction rate securities (ARS) from defendants JP Morgan Chase Bank, N.A. and JP Morgan Securities, Inc. (JP Morgan). After Aventine lost a considerable amount of money from its investment, it filed suit against JP Morgan. JP Morgan filed a motion to

1

compel Aventine to submit to arbitration or, alternatively, to stay the litigation pending resolution of a class action filed against JP Morgan in New York. The trial court stayed the action. Aventine then moved to lift the stay. The trial court denied Aventine's motion. We affirm.

Aventine produces and sells ethanol and related products and has production facilities in Illinois. Aventine alleged that in 2006, it invested in student loan auction rate securities (SLARS), a type of ARS, upon the investment advice of JP Morgan. At the time of the initial investment, SLARS were considered to be safe and liquid cash-management tools. Aventine alleged that JP Morgan coaxed it into investing in SLARS by promising to repurchase Aventine's SLARS at full face value if other buyers would not. In 2006, Aventine completed and signed an account application with JP Morgan that contained an arbitration clause, which stated, "I agree that all controversies that may arise between me or us and [J.P. Morgan] *** shall be determined by arbitration pursuant to the Federal Arbitration Act." The application contained an exception if a class action suit was pending at the time:

"No person shall seek to enforce any pre-dispute arbitration agreement against any person *** who is a member of a putative class who has not opted out of the

2

class with respect to any claims encompassed by the putative class action until: (i) the class certification is denied; or (ii) the class is decertified; or (iii) the customer is excluded from the class by the court."

In 2008, representatives of JP Morgan called Aventine to inform them of rumors of future liquidity problems concerning SLARS. Aventine alleged that it asked JP Morgan to repurchase some of its SLARS, but JP Morgan refused and suggested that Aventine sell its SLARS at auction. By February 2008, SLARS auctions began to fail. Since then, there has been no functioning market for SLARS. Aventine alleged that it lost $31.6 million by selling its SLARS below the price at which JP Morgan promised to repurchase them. On April 27, 2009, Aventine filed for a chapter 11 bankruptcy.

On November 6, 2008, Aventine filed a complaint against JP Morgan. On December 18, 2008, JP Morgan moved to compel Aventine to submit to arbitration or, alternatively, stay the litigation. Aventine opposed the motion, stating that a pending class action suit against JP Morgan, Ciplet v. JP Morgan Chase & Co., No. 08--CV--4580 (S.D.N.Y. May 16, 2008) (Ciplet), in New York triggered the account application's exception to arbitration. In Ciplet,

the plaintiffs alleged that JP Morgan manipulated the market for ARS prior to the market's collapse in early 2008.

On May 28, 2009, the trial court denied JP Morgan's motion to compel arbitration in light of the Ciplet litigation in New York. However, the trial court stayed the litigation in its entirety in favor of the New York action.

In June 2009, the plaintiffs in Ciplet voluntarily dismissed their action without prejudice. In July 2009, a new class action was filed in New York against JP Morgan, O'Gara v. JP Morgan Chase & Co., No. 09--CV--6199 (S.D.N.Y. July 10, 2009). The plaintiffs in that case also alleged that JP Morgan manipulated the market for ARS. The class seeking certification were all persons who purchased ARS from JP Morgan from July 2004 to February 2008, which included Aventine.

In August 2009, Aventine filed a motion to lift the stay or, alternatively, allow Aventine to conduct discovery. Aventine argued that the new cause of action in New York and likelihood that the litigation will take years to resolve required that the court lift the stay. The trial court denied Aventine's motion.

ANALYSIS

I. JURISDICTION

JP Morgan argues that we lack jurisdiction over this appeal. We disagree. Illinois Supreme Court Rule 307(a)(1) provides: "An

4

appeal may be taken to the Appellate Court from an interlocutory order of the court: (1) granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." "A stay is considered injunctive in nature, and thus an order granting or denying a stay fits squarely within Rule 307(a)." Rogers v. Tyson Foods, Inc., 385 Ill. App. 3d 287, 288, 895 N.E.2d 97, 98 (2008); see also Marsh v. Illinois Racing Board, 179 Ill. 2d 488, 689 N.E.2d 1113 (1997).[1]

## II. STAY ORDER

Courts may stay proceedings in a case when several actions are pending that involve essentially the same subject matter. See J.S.A. v. M.H., 384 Ill. App. 3d 998, 1005, 893 N.E.2d 682, 688 (2008). A trial court's decision to grant or deny a motion to stay will not be overturned unless the court abused its discretion in making the decision. See May v. SmithKline Beecham Clinical Laboratories, Inc., 304 Ill. App. 3d 242, 246, 710 N.E.2d 460, 463 (1999). An abuse of discretion does not occur when a reviewing court merely disagrees with the trial court's decision but, instead, when a reviewing court finds that the

---

[1] The cases relied on by the dissent are not controlling here because they do not involve stay orders. See People v. Phillip Morris, Inc., 198 Ill. 2d 87, 759 N.E.2d 906 (2001) (order to fund an escrow account); Short Brothers Construction, Inc. v. Korte & Luitjohan Contractors, Inc., 356 Ill. App. 3d 958, 828 N.E.2d 754 (2005) (order to submit to mediation).

5

trial court "'"acted arbitrarily without the employment of conscientious judgment or, in view of all the circumstances, exceeded the bounds of reason and ignored recognized principles of law so that substantial prejudice resulted."'[Citations.]" May, 304 Ill. App. 3d at 246, 710 N.E.2d at 463, quoting Zurich Insurance Co. v. Raymark Industries, Inc., 213 Ill. Ap. 3d 591, 594-95 (1991).

The Federal Arbitration Act (Act) provides courts with the power to stay cases referable to arbitration:

"If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. §3 (2006).

The language of this section applies both to state and federal courts. See Moses H. Cone Memorial Hospital v. Mercury

6

Construction Corp., 460 U.S. 1, 27, 74 L. Ed.2d 765, 786, n.34, 103 S. Ct. 927, 942, n.34 (1983). A liberal reading of arbitration agreements is necessary to fulfill the Act's purpose. See Moses H. Cone Memorial Hospital, 460 U.S. at 22, 74 L. Ed.2d at 784, n.27, 103 S. Ct. at 940, n.27. "Doubts regarding the scope of arbitrable issues ought to be resolved in favor of arbitration." Heiden v. Galva Foundry Co., 223 Ill. App. 3d 163, 168, 584 N.E.2d 518, 522 (1991).

In Olson v. Jenkens & Gilchrist, 461 F. Supp. 2d 710 (N.D. Ill. 2006), the court analyzed a class action exception identical to that in the case at hand. There, the plaintiffs opposed a stay ordered by the court and argued that the pendency of a class action lawsuit negated its arbitration agreement with the defendant. Olson, 461 F. Supp. 2d at 729-30. The plaintiff argued that it should be free to pursue individual litigation during the period that the defendant could not force arbitration. Olson, 461 F. Supp. 2d at 729. The court disagreed with the plaintiff, holding that the class action exclusion provision assumes that disputes remain ultimately referable to arbitration if they are not resolved in the class action. Olson, 461 F. Supp. 2d at 730.

We agree with the court in Olson. The trial court did not act arbitrarily or exceed the bounds of reason in making its

7

decision to deny Aventine's motion to lift the stay. A stay in this situation, where another action regarding the same subject matter is pending, is appropriate. See J.S.A., 384 Ill. App. 3d at 1005, 893 N.E.2d at 688. The trial court was entitled to favor arbitration by staying the case. See Moses H. Cone Memorial Hospital, 460 U.S. at 23, n.27, 74 L. Ed.2d at 784, n.27, 103 S. Ct. at 940, n.27; see also Heiden, 223 Ill. App. 3d at 168, 584 N.E.2d at 522. By granting the stay, the trial court properly followed the provisions of both the Act and the account application agreement. The court's decision was neither arbitrary nor unreasonable and was not an abuse of discretion.

CONCLUSION

The order of the circuit court of Tazewell County is affirmed.

Affirmed.

PRESIDING JUSTICE HOLDRIDGE, specially concurring:

I concur with the judgment to affirm the trial court's order denying the plaintiff's motion to lift the stay. I write separately to assert my position that the Federal Arbitration Act (9 U.S.C. §3 (2006)) does not control the outcome of this case as the only question is whether the trial court abused its discretion in granting a stay of the instant litigation pending

8

the outcome of the class action lawsuit in New York, an action which was not covered by the Federal Arbitration Act.

A trial court's decision to grant or deny a motion to stay will not be overturned unless the court abused its discretion in ruling upon the motion. See May v. SmithKline Beecham Clinical Laboratories, Inc., 304 Ill. App. 3d 242, 246 (1999). An abuse of discretion does not occur when a reviewing court merely disagrees with the trial court's decision, but, instead, when a reviewing court finds that the trial court "acted arbitrarily without the employment of conscientious judgment or, in view of all the circumstances, exceeded the bounds of reason and ignored recognized principles of law so that substantial prejudice resulted." May, 304 Ill. App. 3d at 246. While I agree that the trial court in the instant matter did not abuse its discretion in denying the plaintiff's motion to lift the stay, I would limit this ruling to the particular facts of this case. Here, the trial court determined that it was in the best interest of judicial economy that the matter should be stayed pending the outcome of the New York class action. The trial court reasoned that both matters involved the same parties and the same claims. Most importantly to the trial court was the fact that, since JP Morgan had engaged in the same alleged fraudulent conduct with other investors throughout the county, discovery in the instant

9

matter would significantly overlap and duplicate the discovery taking place in the class action. While a reviewing court might disagree with this reasoning, it cannot be said that the trial court's decision exceeded the bounds of reason or was otherwise contrary to law. For this reason alone, I would affirm the trial court's ruling.

I write separately to note my disagreement with the proposition that the trial court's ruling was mandated by the Federal Arbitration Act. Here, the trial court denied JP Morgan's motion to compel arbitration and the propriety of that ruling is not before this court. Thus, no arbitration action was pending, and the Federal Arbitration Act had no applicability to this cause of action. The Federal Arbitration Act only requires a stay of proceedings where the issue before the court is "referable to arbitration under an agreement in writing for such arbitration." 9 U.S.C. §3 (2006). Here, the court had determined that the issue before it was not referable to arbitration. Thus, the stay provision of the Federal Arbitration Act was inapplicable.

I would, therefore, find that the Federal Arbitration Act did not mandate that the trial court stay the proceedings pending the outcome of the New York class action. Since the trial

10

court's ruling on the stay was not an abuse of discretion, I would affirm the stay order on that basis alone.

JUSTICE SCHMIDT, dissenting:

Aventine submits that this court's jurisdiction is premised on Supreme Court Rule 307(a)(1). 236 Ill. 2d R. 307(a)(1). Rule 307 allows appeals as a matter of right from orders granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction. 236 Ill. 2d R. 307(a)(1). Courts have expanded the rule to apply to orders that are injunctive in nature, such as those granting or denying a motion to compel arbitration. Royal Indemnity Co., v. Chicago Hospital Risk Pooling Program, 372 Ill. App. 3d 104, 865 N.E.2d 317 (2007).

Certain "stay orders" have also been held to be injunctive in nature and, therefore, appealable under Rule 307 as a matter of right. See Marsh v. Illinois Racing Board, 179 Ill. 2d 488, 689 N.E.2d 1113 (1997) (trial court's order staying board's order revoking a horse-racing license was injunctive in nature and appealable under Rule 307).

Our supreme court, however, in Marsh, cautioned against courts summarily finding that all stay orders are the equivalent to an injunction and therefore appealable under Rule 307. Specifically, the Marsh court noted as follows:

" 'To determine what constitutes an
appealable injunctive order under Rule
307(a)(1) we look to the substance of the
action, not its form.  [Citation.] ***
While we express no opinion as to the
merits of these appellate court cases,
they do reflect a policy of broadly
construing the meaning of the term
"injunction."  [Citation.]

In view of these expansive comments, it is not
surprising, perhaps, that defendants urge us
to simply deem the circuit court's 'stay' an
'injunction' and hold that jurisdiction under
Rule 307(a)(1) is proper.  In fact, this is
precisely what both of the appellate panels
did in the opinions cited to us by defendants.
[Citations.]  In our view, however, such an
approach oversimplifies the issue ***."
Marsh, 179 Ill. 2d at 491-92, quoting In re
A Minor, 127 Ill. 2d 247, 260-61, 537 N.E.2d
292 (1989).

While the Marsh court ultimately found the stay at issue in
that case was appealable given its injunctive nature, our supreme

12

court has noted that other orders which appear injunctive (given the fact that they compel a party to take an action) are not appealable under Rule 307. In People v. Philip Morris, Inc., 198 Ill. 2d 87, 759 N.E.2d 906 (2001), the circuit court established an escrow account and compelled the parties to put 10% of all settlement payments in the account. Philip Morris, 198 Ill. 2d at 101. The State appealed, claiming the order was injunctive in nature as it compelled the parties to take an action and, as such, was appealable under Rule 307(a)(1). Our supreme court disagreed and stated:

> " 'Ministerial' or 'administrative' orders of the circuit court, i.e., orders that regulate only the procedural details of litigation before the court, cannot be the subject of an interlocutory appeal. Such orders do not affect the relationship of the parties in their everyday activity apart from the litigation and, therefore, are distinguishable from traditional forms of injunctive relief." Philip Morris, 198 Ill. 2d at 101-02.

The Philip Morris court acknowledged that the establishment of the escrow account compelled action. However, it found it significant that the trial court correctly noted, "Nobody won

13

here today, nobody lost here today ***," and, as such, ultimately held that the appellate court did not err in dismissing the State's interlocutory appeal from the circuit court's escrow order.  Philip Morris, 198 Ill. 2d at 102.

The Fifth District relied heavily on language from Philip Morris when holding an order of the circuit court compelling mediation was not an appealable order under Rule 307(a)(1).  Short Brothers Construction, Inc., v. Korte & Luitjohan Contractors, Inc., 356 Ill. App. 3d 958, 828 N.E.2d 754 (2005).  In Short Brothers, defendant appealed an order referring the lawsuit to mediation pursuant to a local circuit court rule that provided the circuit court discretion to refer any civil case it saw fit.  Short Brothers, 356 Ill. App. 3d at 960.  The appellate court held such an order was not appealable under Rule 307(a)(1).  Short Brothers, 356 Ill. App. 3d at 960-61.

Borrowing language from Philip Morris, the Short Brothers court noted:

> "Examples of such orders include subpoenas, discovery orders, and orders relating to the court's own docket.  [Citations.]  Such orders can be considered noninjunctive because they did not form a part of the power traditionally reserved to courts of equity but, instead, were

14

a part of the inherent power possessed by any court to compel witnesses to appear before it and give testimony and to control its own docket. [Citations.] Such orders do not affect the relationship of the parties in their everyday activity apart from the litigation, and they are therefore distinguishable from traditional forms of injunctive relief. [Citation.]

We believe that the mediation order entered in the case at bar falls into this category of administrative, noninjunctive orders, which are not appealable under Supreme Court Rule 307(a)(1). It seems self-evident that the purpose of the mediation process, and the mediation order in the case at bar, is to streamline the judicial process by encouraging compromise and settlement, if not of the entire controversy then at least some portions of it, thereby reducing the workload of the circuit court and lessening the expense and burden to the parties. The mediation order is clearly related to the circuit court's inherent

15

authority to control its own docket. The mediation order is ministerial or administrative in nature, rather than injunctive in nature, because it is regulating the procedural details of the litigation, rather than affecting the rights of the parties. [Citation.] The mediation order relates only to the conduct of the litigation; it does not affect the relationship of the parties in their everyday activity apart from the litigation. Like the escrow order found to be nonappealable in People v. Philip Morris, Inc., 198 Ill. 2d 87, 102 (2001), a mediation order is an interim order, which does not establish or affect the rights of the parties but preserves them until those rights can be established." Short Brothers, 356 Ill. App. 3d at 960.

The trial judge, in the case at bar, very specifically stated:

"The power to stay proceedings is incidental to the power inherent in every Court to control the disposition of the [cases] on its docket with economy of time and effort for itself, for counsel and for litigations. And I think that applies wholeheartedly and perfectly and on point with

16

these proceedings such that these proceedings should be stayed while the matter pends, at least pends putatively in the District Court proceedings in New York."

After denying Aventine's motion to lift the stay, the trial court instructed the parties to "exchange correspondence with regard to any categories of evidence which each may want the other to preserve." The court also directed the parties to return nine days later for a case management conference and set a hearing date for a status conference six months from the date of its order. Therefore, this "stay" is not even really a stay since discovery necessary to preserve evidence was to proceed.

Other than seeing the word "stay" and concluding that Rule 307(a)(1) is triggered in some Pavlovian type of reaction, there appears to be little to persuade me that we have authority to review this order. The court declared no winner, and no loser. No substantive ruling has been made as to whether or not the arbitration provision applies or does not apply. The court's ruling simply stated it was staying this action pending further developments in a class action matter that all agree encompasses at least some of the issues in this case. The court limited discovery but it did not cut it off completely. It directed the parties to identify categories of evidence that needed to be

17

preserved and set two future dates on which the parties were to return to discuss the status of the case.

While the trial court used the term "stay," its order appears to be one that merely regulates the procedural details of the litigation before it.  The order does not affect the relationship of the parties in their everyday activity apart from the litigation.  Therefore, it is distinguishable from traditional forms of injunctive relief and not appealable under Rule 307(a)(1).  Philip Morris, 198 Ill. 2d at 101-02.

Since I would dismiss this appeal for want of jurisdiction, I respectfully dissent.

18