# Illinois Official Reports

## Appellate Court

---

**Ritchie Multi-Strategies Global, LLC v. Huizenga Managers Fund LLC,**
**2019 IL App (1st) 182664**

---

| | |
|---|---|
| Appellate Court Caption | RITCHIE MULTI-STRATEGIES GLOBAL, LLC, By and Through Its Managing Member, RITCHIE CAPITAL MANAGEMENT, LLC, Plaintiff-Appellant, v. HUIZENGA MANAGERS FUND LLC; HUIZENGA CAPITAL MANAGEMENT, LLC; WILLIAMS MONTGOMERY & JOHN, LTD.; CHRISTOPHER BARBER; GARY GARNER; and JONATHAN D. MILLER, Defendants-Appellees. |
| District & No. | First District, First Division<br>Docket No. 1-18-2664 |
| Filed | March 11, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 18-CH-06001; the Hon. Sanjay T. Tailor, Judge, presiding. |
| Judgment | Appeal dismissed. |
| Counsel on Appeal | Dan K. Webb, Sean G. Wieber, and Michael S. Bergerson Jr., of Winston & Strawn LLP, of Chicago, for appellant.<br><br>Christopher C. Kendall and J'Aimee C. Crockett, of Law Office of Christopher C. Kendall, P.C., and Christopher J. Barber, Gary W. Garner, and Jonathan D. Miller, of Williams Montgomery & John, Ltd., both of Chicago, for appellees. |

| Panel | PRESIDING JUSTICE MIKVA delivered the judgment of the court, with opinion. |
|---|---|
| | Justices Pierce and Walker concurred in the judgment and opinion. |

## OPINION

¶ 1     On December 21, 2018, the plaintiff in this case, Ritchie Multi-Strategies Global, LLC, filed a notice that it claimed was an interlocutory appeal as of right under Illinois Supreme Court Rule 307(d) (eff. Nov. 1, 2017). The appeal asked this court to overturn an order of the circuit court, entered on December 19, 2018, that "dissolved" a temporary restraining order that had been entered on March 13, 2018. However, at the time of that circuit court order, the *ex parte* temporary restraining order had expired long ago, by virtue of its own 10-day life span.

¶ 2     On December 28, 2018, we entered an order, on our own motion, dismissing this appeal for lack of jurisdiction. As we indicated that we would in that order, we are now issuing an opinion to explain why the interlocutory jurisdiction of Rule 307(a) and the expedited procedures provided by Rule 307(d) do not apply where, as here, there was no injunctive order in place that was being "dissolved" by the trial court.

¶ 3                                  I. BACKGROUND

¶ 4     The background of this litigation is long and tortured, and we will recite only those few facts that are relevant to this appeal. The primary parties are plaintiff Ritchie Multi-Strategies Global, LLC (Ritchie), an investment fund managed by Ritchie Capital Management, LLC (RCM), and defendant Huizenga Capital Management, LLC (Huizenga Capital), which manages defendant Huizenga Managers Fund, LLC (Huizenga Fund), a pooled investment fund (collectively, Huizenga). Additional defendants are Christopher Barber, Gary Garner, and Jonathan D. Miller, lawyers who work at the defendant law firm of Williams Montgomery & John, Ltd. (collectively, the WMJ defendants).

¶ 5     On March 8, 2018, Ritchie filed a complaint for injunctive relief against Huizenga and the WMJ defendants in St. Clair County, Illinois. In its complaint, Ritchie alleged that Huizenga Capital made investments in Ritchie on behalf of Huizenga Fund, thereby becoming a member of Ritchie, subject to the terms of the Ritchie operating agreement, and that the WMJ defendants "have provided legal representation on behalf of [Huizenga] in litigation against certain RCM Parties concerning Huizenga Capital's investment in [Ritchie]." Ritchie further alleged in its complaint (1) that Huizenga had breached certain terms of the operating agreement, (2) that, as a result, Ritchie "has in the past, is in the present, and will in the future suffer immediate and irreparable harm to their respective business reputation for financial stability, investment acumen, and creditworthiness," and (3) that Ritchie had no adequate remedy at law. Ritchie also filed a motion for an *ex parte* temporary restraining order (TRO).

¶ 6     On March 13, 2018, Judge Kievlan of the circuit court of St. Clair County granted the *ex parte* TRO, adopting the findings of fact and conclusions of law proposed by Ritchie and enjoining Huizenga from either (1) disparaging Ritchie, or (2) disclosing confidential documents and information in pleadings, motions, or oral argument in other cases that were pending between these same parties. By statute, this *ex parte* TRO could not "exceed 10 days."

735 ILCS 5/11-101 (West 2016). Judge Kievlan set a preliminary injunction hearing for March 23.

¶ 7　　On March 19, 2018, Huizenga filed a motion to dissolve the TRO and for damages. Huizenga also filed a motion to transfer the case from St. Clair County to Cook County, arguing that St. Clair County was not a proper venue. After a hearing, on March 21, 2018, Judge Julie Katz of St. Clair County granted the motion to transfer the case to Cook County "immediately" and cancelled the hearing set for March 23. Judge Katz's order makes no mention of the motion to dissolve the TRO and for damages. The case was transferred to Cook County and assigned to Judge Sanjay Tailor, and defendants renewed their motion to dissolve the *ex parte* TRO.

¶ 8　　On December 19, 2018, Judge Tailor, after an extensive hearing, entered an order that imposed sanctions against Ritchie and granted Huizenga's motion to dissolve the TRO. Judge Tailor recognized that the TRO was no longer in place but accepted Huizenga's argument that it needed a dissolution order as a predicate to obtaining damages. Judge Tailor ruled that there was "no basis in fact or law for obtaining [the] TRO *ex parte*."

¶ 9　　Two days later, on December 21, 2018, Ritchie filed a notice of interlocutory appeal from the order dissolving the *ex parte* TRO, pursuant to Rule 307(d), asking us to reverse that order. As noted above, we issued an order on December 28, 2018, dismissing this appeal for a lack of jurisdiction, which we now explain.

¶ 10　　　　　　　　　　　　　　II. ANALYSIS

¶ 11　　Although no party objected to our jurisdiction, we have an independent duty to ensure that we do have jurisdiction and to dismiss an appeal if it is lacking. *LB Steel, LLC v. Carlo Steel Corp.*, 2018 IL App (1st) 153501, ¶ 23 (citing *Almgren v. Rush-Presbyterian-St. Luke's Medical Center*, 162 Ill. 2d 205, 210 (1994)). We have jurisdiction over final judgments and certain interlocutory orders as prescribed by our supreme court rules. See Ill. S. Ct. R. 304 (eff. Mar. 8, 2016); R. 306 (eff. Nov. 1, 2017); R. 307 (eff. Nov. 1, 2017); R. 308 (eff. July 1, 2017).

¶ 12　　With respect to injunctions, Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017) allows a party to appeal as of right from an interlocutory order of the circuit court "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." And when a party is seeking review of the "granting or denial of a temporary restraining order or an order modifying, dissolving, or refusing to dissolve or modify a temporary restraining order," the rules require notice of appeal to be filed within two days of that order, followed by an extraordinarily expedited briefing schedule. *Id.* § 307(d). This expedited briefing schedule allows the parties only two days to file legal memoranda in lieu of briefs and culminates with the appellate court being required to decide the appeal within five business days of the end of briefing. *Id.*

¶ 13　　Obviously, when an injunctive order that has preserved that status quo has been put in place or has been dissolved, time is often of the essence. However, as our supreme court has repeatedly made clear: " 'To determine what constitutes an appealable injunctive order under Rule 307(a)(1) we look to the substance of the action, not its form. [Citation.] An apple calling itself an orange remains an apple.' " *Marsh v. Illinois Racing Board*, 179 Ill. 2d 488, 491 (1997) (quoting *In re A Minor*, 127 Ill. 2d 247, 260 (1989)). In this case, although Judge Tailor issued an order "dissolving" the TRO, as the parties recognized when they appeared before Judge Tailor, the TRO had long ago expired pursuant to statute.

¶ 14    Section 11-110 of the Code of Civil Procedure (Code) (735 ILCS 5/11-110 (West 2016)), provides for damages "where a temporary restraining order *** is dissolved by the circuit court or by the reviewing court." Huizenga asked the circuit court for an order "dissolving" the *ex parte* TRO as a predicate to damages under this statute, for what it claimed was an improperly obtained order. However, in this case, when the circuit court entered the order dissolving the TRO, there was no TRO in place. Rather, the *ex parte* TRO entered on March 13, 2018, dissolved by operation of law under section 11-101 of the Code 10 days after it was issued. That section provides that any temporary restraining order entered without notice "shall expire by its terms within such time after signing of the order, not to exceed 10 days, as the court fixes." *Id.* § 11-101.

¶ 15    In *Emerson Electric Co. v. Sherman*, 150 Ill. App. 3d 832, 836 (1986), we recognized that "an injunction that has expired can no longer be dissolved because a court cannot dissolve that which no longer exists." We dismissed the appeal in that case, finding that because the preliminary injunction expired while the appeal was pending, the appeal of the injunction became moot.

¶ 16    Ritchie relies heavily on the language from *Emerson* cited above to support its argument for reversal in this case, contending that the circuit court should not have issued an order "dissolving" the TRO because it had already expired. Huizenga responds that Ritchie is taking this language out of context and that, in cases decided after *Emerson*, we have made clear that a motion to dissolve an *ex parte* TRO as a predicate to damages under section 11-110 of the Code does not have to be brought within the 10 days that the TRO is in place. As we have dismissed this interlocutory appeal, the merits of whether the order dissolving the TRO should have been entered by Judge Tailor will be decided, if at all, at a later date.

¶ 17    But our recognition in *Emerson* that there can be no true dissolution of an expired TRO seems unassailable. Simply put, absolutely nothing about the status quo was altered when the circuit court "dissolved" the TRO on December 19, 2018. In the words of our supreme court in *Marsh*, the "apple" remained an "apple." *Marsh*, 179 Ill. 2d at 491. There was no need and no justification for applying the extraordinarily expedited procedures set out in Rule 307(d) here. Because there was no dissolution of a TRO, we had no jurisdiction, and this interlocutory appeal was dismissed without any prejudice to Ritchie's right to appeal Judge Tailor's order of December 19, 2018, at the conclusion of this case.

¶ 18                                III. CONCLUSION
¶ 19    This appeal was dismissed for lack of jurisdiction on December 28, 2018.

¶ 20    Appeal dismissed.