April 14, 1999

NO. 5-98-0428

IN THE 

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_________________________________________________________________

MARTHA ANN MAY, on behalf of herself )  Appeal from the

and all others similarly situated,   )  Circuit Court of

                                     )  Madison County.  

     Plaintiff-Appellee,             )  

v.                                   )  No. 97-L-1230

                                     )  

SMITHKLINE BEECHAM CLINICAL          )

LABORATORIES, INC.,                  )  Honorable

                                     )  David R. Herndon, 

     Defendant-Appellant.            )  Judge, presiding.  

_________________________________________________________________

JUSTICE CHAPMAN delivered the opinion of the court:

Plaintiff, Martha Ann May, filed a putative class action lawsuit against defendant, SmithKline Beecham Clinical Laboratories, Inc. (SBCL), based upon SBCL's alleged improper billing for medical laboratory tests. SBCL sought to have plaintiff's case stayed pursuant to section 2-619(a)(3) of the Civil Practice Law (735 ILCS 5/2-619(a)(3) (West 1996)) because  eight other putative class actions are pending against SBCL across the country.  The trial court denied SBCL's motion to stay, and SBCL filed this interlocutory appeal pursuant to Supreme Court Rule 307(a)(1) (166 Ill. 2d R. 307(a)(1)).  We affirm for the reasons set forth below.  

BACKGROUND

In 1997, a settlement agreement between SBCL and the United States government was made public.  The settlement agreement resulted from 
qui tam
 ("whistleblower") lawsuits filed on behalf of the government against SBCL.  The agreement required SBCL to pay $325 million in restitution for improper medical claims submitted and paid under government health plans.  The settlement agreement did not provide for restitution to be made to the following:  members (
i.e.
, patients) of the government health plans for co-

payments made, private third-party payers or their members, or patients who directly paid for the medical services provided by SBCL.  As a result of the settlement agreement, this case and eight other putative class action lawsuits, which claimed damages from improper billing practices, were filed on behalf of patients who paid SBCL either directly or under a co-payment agreement with their insurance.  Additionally, two smaller putative class actions have been filed (one on behalf of certain employee benefit plans and the other on behalf of certain New York patients).  Finally, in September 1997, a non-class action case, with 37 insurance companies as named plaintiffs, was filed against SBCL in a Federal district court in Connecticut.    

This case was the sixth putative class action case to be filed.  Out of the nine lawsuits filed, all but this case have been either filed in or transferred by the Judicial Panel on Multidistrict Litigation to the United States District Court for the District of Connecticut, where the cases have been consolidated and pretrial proceedings are being conducted under the designation of "MDL-1210," entitled "
In re SmithKline Beecham Clinical Laboratories, Inc. Laboratory Test Billing Practices Litigation
." 

In each of the nine class action suits filed, the putative plaintiffs' lawsuits were based on SBCL's settlement agreement with the United States government, and most of the putative class actions filed recite the same "overall scheme" used by SBCL to implement the improper billing practices.  SBCL's "scheme" allegedly involves the following improper billing practices:  (1) add-ons, 
i.e.
, billing for tests not ordered by physicians, (2) unbundling, 
i.e.
, billing separately for tests that should have been billed at a single composite rate, (3) double billing, 
i.e.
, billing twice for the same test, (4) up-coding, 
i.e.
, performing and billing for more expensive tests than ordered, and (5) code-

jamming, 
i.e.
, inserting fabricated diagnosis codes to obtain reimbursement from third-party payers.

The bases of the various causes of action stated in the complaints are as follows:  violation of the Racketeering Influenced and Corrupt Organizations Act (18 U.S.C. §1961 
et seq.
 (1994)), violation of the Employee Retirement Income Security Act (29 U.S.C §1001 
et seq.
 (1994)), Federal and State common law claims for unjust enrichment and restitution, negligence, breach of contract, violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, conversion, fraud, violation of Illinois's Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 
et seq.
 (West 1996)), and violation of Florida's Deceptive and Unfair Practices Act.  The putative class actions filed primarily seek money damages for payments made by plaintiffs, although certain cases also seek injunctive relief.  Plaintiff in this case claims that no Federal question is raised on her pleadings.  However, the same claim was made by plaintiffs in two of the other pending cases, one of which was filed in Cook County, Illinois.  These other two cases have been transferred to the Federal district court in Connecticut.

FACTS

Plaintiff filed this putative class action on December 27, 1997.  Plaintiff asserted the following causes of action against SBCL:  (1) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, (2) unjust enrichment or restitution, (3) fraud, and (4) breach of contract.  

After plaintiff successfully defeated SBCL's attempt to remove this case to Federal court, SBCL filed a motion to dismiss for the failure to state a cause of action, pursuant to section 2-615 of the Civil Practice Law (735 ILCS 5/2-615 (West 1996)), and a motion to dismiss or stay pursuant to section 2-619(a)(3) of the Civil Practice Law (735 ILCS 5/2-619(a)(3) (West 1996)).  In support of SBCL's motion to dismiss or stay the proceedings, SBCL filed an affidavit and attached as exhibits the other pending complaints filed against it.  Both parties filed two memoranda in support of their positions on these motions.  On July 2, 1998, the trial court denied SBCL's motions.  This interlocutory appeal followed. 

ANALYSIS

 SBCL contends that the trial court abused its discretion when it denied SBCL'S motion to stay proceedings pursuant to section 2-

619(a)(3).  SBCL argues that it proved that duplicative actions were pending between the same parties for the same cause and that it proved that the other four factors to be considered when determining whether to grant a motion for a stay weighed heavily in its favor.  These factors are comity; the prevention of multiplicity, vexation, and harassment; the likelihood of obtaining complete relief in the foreign jurisdiction; and the 
res judicata
 effect of a foreign judgment in the local forum.  

Plaintiff argues that the court's ruling was proper because defendant has not overcome the substantial presumption of propriety  afforded the trial court's discretion in ruling on the motion, because the record does not show that the court failed to consider the four factors which are to be weighed in determining defendant's motion to stay; that the four factors are not necessarily dispositive of the motion; and that plaintiff will be significantly harmed if defendant's motion is granted.  

Section 2-619(a)(3) provides that a defendant may move for dismissal "or other appropriate relief" if another pending action involving the same parties for the same cause exists.  735 ILCS 5/2-619(a)(3) (West 1996).  A motion under section 2-619(a)(3) is a matter that a court, in a sound exercise of its discretion, must decide, and in exercising its discretion, a court must weigh the prejudice resulting to the nonmovant against the public policy of avoiding duplicative litigation.  
Kellerman v. MCI Telecommunications Corp.
, 112 Ill. 2d 428, 447, 493 N.E.2d 1045, 1053 (1986); 
A.E. Staley Manufacturing Co. v. Swift & Co.
, 84 Ill. 2d 245, 252-53, 419 N.E.2d 23, 26 (1980).   

Absent an abuse of discretion, a trial court's decision to grant or deny a motion to stay will not be overturned on appeal.  
A.E. Staley Manufacturing Co.
, 84 Ill. 2d at 253, 419 N.E.2d at 27.  An abuse of discretion occurs not when a reviewing court disagrees with a court's decision but, rather, when a reviewing court finds that a trial court "`acted arbitrarily without the employment of conscientious judgment or, in view of all the circumstances, exceeded the bounds of reason and ignored recognized principles of law so that substantial prejudice resulted.'"  
Kaden v. Pucinski
, 263 Ill. App. 3d 611, 615, 635 N.E.2d 468, 471 (1994), quoting 
Zurich Insurance Co. v. Raymark Industries, Inc.
, 213 Ill. App. 3d 591, 572 N.E.2d 1119 (1991).  

The party seeking a stay bears the burden of proving adequate justification for it.  
Kaden v. Pucinski
, 263 Ill. App. 3d 611, 615, 635 N.E.2d 468, 471 (1994).  

"[A] party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative.  (
Williford [v. Armstrong World Industries, Inc.]
, 715 F.2d [124,] 127 [(4th Cir. 1983)].)  Thus, [the party seeking a stay] must `make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else.'"  
Zurich Insurance Co. v. Raymark Industries, Inc.
, 213 Ill. App. 3d 591, 595, 572 N.E.2d 1119, 1123 (1991), quoting 
Landis v. North American Co.
, 299 U.S. 248, 254-55, 81 L. Ed. 2d 153, 158, 57 S. Ct. 163, 166 (1936).

A motion to stay need not be automatically granted simply because the same cause involving the same parties is pending in another jurisdiction.  
Kellerman
, 112 Ill. 2d at 446, 493 N.E.2d at 1053.  The legislature did not intend that a section 2-619(a)(3) motion would always prevent two separate actions concerning the same subject matter from proceeding simultaneously.  
A.E. Staley Manufacturing Co.
, 84 Ill. 2d at 252, 419 N.E.2d at 27.  

The initial issue for a determination on a motion to stay is whether the other pending action involves the "same parties" and the "same cause."  "Same parties" does not mean that the parties to both litigations have to be identical, for even if the litigants differ in name or number, the "same parties" requirement is met if the litigants' interests are sufficiently similar.  
Schnitzer v. O'Connor
, 274 Ill. App. 3d 314, 653 N.E.2d 825 (1995).  The "same cause" requirement does not mean the "same cause of action" or the same legal theories, but it means that the relief sought is requested on the same set of facts.  
Schnitzer
, 274 Ill. App. 3d at 318, 653 N.E.2d 825; 
Quantum Chemical Corp. v. Hartford Steam Boiler Inspection & Insurance Co.
, 246 Ill. App. 3d 557, 616 N.E.2d 686 (1993); 
Catalano v. Aetna Casualty & Surety Co. of Illinois
, 105 Ill. App. 3d 195, 434 N.E.2d 31 (1982).  

The named plaintiffs here and the named plaintiffs in the pending Federal class actions are not identical, but all of the plaintiffs have a substantially similar interest in the litigation.  All of the plaintiffs paid money to SBCL for medical testing, either as co-payers under an insurance plan or as direct payers to SBCL.  All of the plaintiffs seek money damages for SBCL's alleged improper billing procedures under SBCL's "overall scheme."  

Even with those similarities, plaintiff argues that the "same cause" requirement has not been met.  She asserts that because none of the Federal cases allege all her causes of action, the "same cause" requirement is not met.  None of the counts in the Federal action allege claims based on the Illinois Consumer Fraud and Deceptive Business Practices Act.  Although the failure to allege each and every one of the "same causes of action" may not 
per se
 defeat the "same cause" requirement, the fact that the Federal cases do not incorporate each of her counts is one factor to consider in deciding whether to stay the action.  See 
Kaden
, 263 Ill. App. 3d at 617, 635 N.E.2d at 472.  SBCL's "overall scheme" of improper billing practices is the basis for plaintiff's putative class action, just as it is the basis for the other pending putative class actions.  However, multiple actions in different jurisdictions, arising out of the same operative facts, may be maintained where the circuit court, in a sound exercise of discretion, determines that more than one action should proceed.  
Kellerman
, 112 Ill. 2d at 447, 493 N.E.2d at 1053.

Assuming that the threshold inquiry of "same parties" and "same cause" is resolved in defendant's favor, the following four factors should be considered by a trial court in its decision on a motion to stay: comity; the prevention of multiplicity, vexation, or harassment; the likelihood of obtaining complete relief in the foreign jurisdiction; and the 
res judicata
 effect of a foreign judgment in the local forum.  
Kaden
, 263 Ill. App. 3d at 616, 635 N.E.2d at 472.  These four factors are not all-inclusive, and a court may consider additional factors that bear on its discretion.  
Kaden
, 263 Ill. App. 3d at 617, 635 N.E.2d 468; 
Natural Gas Pipeline Co. of America v. Phillips Petroleum Co.
, 163 Ill. App. 3d 136, 516 N.E.2d 527 (1987).  

Turning to the four factors the courts generally consider in determining whether to enter a stay, considerations of comity do not favor staying this case.  SBCL argues that the principle of comity requires that the substantial coordination efforts already undertaken by the Judicial Panel on Multidistrict Litigation by Judge Covello of the Connecticut District Court not be ignored or complicated by this Illinois action.

Comity means giving respect to the laws and judicial decisions of other jurisdictions out of deference.  Black's Law Dictionary 267 (6th ed. 1990).  SBCL would have this court defer to the Connecticut District Court simply because it has acquired jurisdiction over other similar class actions and has devoted judicial resources to the management of those cases.  It has already been determined that the time of filing actions is not determinative as to a motion to stay.  
A.E. Staley Manufacturing Co.
, 84 Ill. 2d at 252, 419 N.E.2d at 27; 
Kaden
, 263 Ill. App. 3d at 617, 635 N.E.2d at 472.  The other class actions are, according to the record, in their infant pretrial stage.  We cannot find, therefore, that comity dictates that a stay be granted here.

As for multiplicity, this Illinois action is the only pending State action against SBCL regarding SBCL's alleged wrongdoing.  All of the other actions have been consolidated in the Federal courts.  Because discovery in the consolidated class actions will most probably mirror that of this cause, the duplication effort should not be significant.  SBCL has not made out a clear case of hardship or inequity in being required to proceed with the Illinois litigation.  Moreover, there is nothing in the record to substantiate that plaintiff's complaint of defendant's fraud is founded in harassment or vexatiousness.

Plaintiff claims that complete relief is not available for her in the Federal court.  She claims that there is a "significant possibility" that the Federal court will not certify the class action because it is easier to have a class certified under Illinois rules than under the Federal rules.  Defendant contends that plaintiff is speculating as to whether class certification will occur at the Federal level and that she does not assert any facts to substantiate her contention.  Although speculation about a Federal court's decision is not a sufficient basis alone for denying SBCL's motion, it is one factor to consider.  See 
Quantum Chemical Corp.
, 246 Ill. App. 3d at 563, 616 N.E.2d at 690.  

With regard to 
res judicata
, plaintiff states that the proceedings in the Federal class actions "will presumably" have a 
res judicata
 effect on her case.  Therefore, the factor of 
res judicata
 weighs in favor of granting defendant's motion to stay.

The trial court's order on SBCL's motion to stay the proceedings stated:  

"Pending before the court is the defendant's Motion to Dismiss or Stay.  After considering at length the arguments and multiple briefs of the parties, the court enters the following order.

In the exercise of its discretion, utilizing in large part the rationale found in the plaintiff's briefs, the court denies the motion to dismiss or stay regarding the issue of the alleged duplicative nature of the action at bar."

The trial court considered the arguments and briefs of the parties, which exhaustively addressed the issue of a stay, and found that this action has a legitimate and substantial relation to Illinois.  Moreover, the considerations of comity, multiplicity, harassment, and the likelihood of obtaining complete relief all weigh in plaintiff's favor.  

In reviewing this case, we are mindful of the supreme court's statement in 
A.E. Staley Manufacturing Co.
:

"We do not believe that a resident corporation's right to its day in court should await resolution of sister-State litigation where, as here, plaintiff's filing of its complaint does not evidence an intent to harass or gain undue influence over defendant and where, as here, the possibility of completely resolving this controversy in Illinois is greater."  
A.E. Staley Manufacturing Co.
, 84 Ill. 2d at 254, 419 N.E.2d at 27.

Based on the record, we conclude that the trial court did not abuse its discretion in denying SBCL's motion for stay.

For the foregoing reasons, the judgment of the circuit court of Madison County is affirmed.

Affirmed.  

KUEHN, J., and HOPKINS, J., concur.