NOTICE
Decision filed 06/17/21. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 210083-U

NO. 5-21-0083

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| COPPER BEND PHARMACY, INC., d/b/a Copper Bend Pharmacy, *et al.*, | ) ) ) | Appeal from the Circuit Court of St. Clair County. |
| Plaintiffs-Appellees, | ) ) | |
| v. | ) ) | No. 20-L-396 |
| OPTUMRX, INC., Successor by Merger to Catamaran Corporation, and OPTUMRX, INC., In Its Own Right, | ) ) ) ) | Honorable Heinz M. Rudolf, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE CATES delivered the judgment of the court.
Justices Welch and Wharton concurred in the judgment.

**ORDER**

¶ 1   *Held*: The circuit court did not abuse its discretion in denying the defendant's motion to stay the proceedings in Illinois.

¶ 2   The plaintiffs, Copper Bend Pharmacy Inc., d/b/a Copper Bend Pharmacy, *et al.*, filed a complaint in the circuit court of St. Clair County, alleging that the defendant, OptumRx, Inc., successor by merger to Catamaran Corporation, and OptumRx, Inc., in its own right, violated its prescription drug reimbursement agreements with the plaintiffs. The defendant filed a motion in the circuit court to compel arbitration of the plaintiffs' claims,

1

and subsequently filed a nearly identical petition to compel arbitration in the federal district court in California. The defendant then moved the circuit court to stay the proceedings in St. Clair County, pending a ruling by the federal district court on the defendant's petition to compel arbitration. After hearing arguments on the defendant's motion to stay, the circuit court denied it. On appeal, the defendant claims that the circuit court's decision to deny a stay of the Illinois action was an abuse of discretion in that the court ignored recognized principles of law, resulting in substantial prejudice to the defendant. For the reasons that follow, we affirm.

¶ 3    The plaintiffs are a group of 45 companies that operate independent pharmacies in 15 different states. Twelve companies operate independent pharmacies in Illinois. The defendant, OptumRx, is a California corporation in the business of managing prescription drug benefits programs for health benefit plans. The defendant also contracts with independent pharmacies, such as the plaintiffs, to dispense prescription drugs to members of those health benefits plans. In 2015, OptumRx merged with Catamaran Corporation (Catamaran), another prescription drug benefits manager. Catamaran was an Illinois corporation, and from 2012-2015, it contracted with independent pharmacies to dispense prescription drugs to health plan members.

¶ 4    In May 2020, the plaintiffs brought an action against the defendant in the circuit court of St. Clair County ("the Illinois action"). In an amended complaint filed July 24, 2020, the plaintiffs alleged, among other things, that the defendant underpaid on prescription drug reimbursement claims submitted by the plaintiffs in violation of the

defendant's provider manuals and various state statutes. The plaintiffs claimed that the underpayments dated back to 2012 and involved premerger agreements with Catamaran.

¶ 5 On August 21, 2020, the defendant filed a motion to compel arbitration and to either dismiss the plaintiffs' action or stay the proceedings pending the outcome of binding arbitration, pursuant to section 2-619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(9) (West 2018)). The defendant argued that mandatory arbitration clauses in the defendant's 2015-2020 provider manuals required the parties to arbitrate "any and all issues and/or disputes" in California pursuant to the Federal Arbitration Act (FAA) (9 U.S.C. § 1 *et seq.*). The defendant also filed a separate motion to dismiss the first amended complaint pursuant to sections 2-615 and 2-619 of the Code (735 ILCS 5/2-615, 2-619 (West 2018)). On August 24, 2020, the defendant filed a legal memorandum in support of its motion to compel arbitration, accompanied by a supporting affidavit and several exhibits.

¶ 6 On November 6, 2020, the defendant filed a petition in the United States District Court for the Central District of California ("the federal district court"), seeking to compel the plaintiffs to arbitrate their claims in California and to enjoin the plaintiffs from litigating those claims in Illinois ("the federal action"). Forty-four of the plaintiffs in the Illinois action were named as respondents in the federal action. One of the named plaintiffs in the Illinois action, H&H Pharmacy, a California corporation, was not included in the federal action in California.

¶ 7 On November 16, 2020, the plaintiffs filed a memorandum in opposition to the defendant's motion to compel arbitration in the Illinois action. The plaintiffs argued, in

3

part, that the arbitration provisions in the defendant's provider manuals did not apply retroactively; that the arbitration provisions were unconscionable as a matter of law; and that in the cases of 21 plaintiffs, the applicable provider manual did not contain an arbitration clause. The plaintiffs' memorandum was supported by affidavits and several exhibits.

¶ 8 On November 25, 2020, the defendant moved the circuit court to stay the proceedings in the Illinois action, pending a ruling by the federal district court on the defendant's petition to compel arbitration. The defendant argued that a stay would preserve the status quo, conserve the resources of the Illinois trial court, and protect the defendant from injuries arising from the plaintiffs' failure to comply with the arbitration clauses in the applicable provider manuals. The defendant further argued that a stay would allow the federal district court in California to adjudicate the defendant's petition to compel arbitration in accordance with the parties' agreement to resolve "all disputes" in California. The defendant asserted that the federal district court "presumably had more exposure to, and familiarity with," issues that arise under the FAA and the laws of California. As relief in the alternative, the defendant requested that the circuit court stay all matters involving the merits of the plaintiff's claims until the court ruled on the defendant's motion to compel arbitration.

¶ 9 On January 7, 2021, the plaintiffs filed a memorandum in opposition to the defendant's motion to stay the proceedings in Illinois. The plaintiffs argued that the decision to grant or deny a stay within the discretion of the circuit court, and that none of the factors that the court was to consider favored a stay of the proceedings in Illinois. The

4

plaintiffs also argued that their right to choose a judicial forum for their claims would be illusory if the defendant could deprive them of their selected forum by filing a duplicative action in another court. The plaintiffs also noted that the Illinois action would proceed as to at least one of the plaintiffs, H&H Pharmacy, regardless of the ruling in the federal action.

¶ 10 On January 28, 2021, the circuit court held a hearing on the defendant's motion to stay the proceedings in Illinois. After hearing the arguments of counsel, the circuit court took the matter under advisement and gave the parties the opportunity to submit proposed orders. On March 1, 2021, the circuit court issued a written order, denying the defendant's motion to stay the proceedings and articulating the reasons for its decision. This appeal followed.

¶ 11 Before turning to the merits of the appeal, we must consider whether we have jurisdiction to consider the defendant's appeal. The plaintiffs contend that appellate jurisdiction is lacking because the circuit court's order, denying the motion to stay, is not an appealable order under Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017). The plaintiffs argue that the order denying a stay is administrative, rather than injunctive, because the circuit court decided only whether it would adjudicate the pending motion to compel arbitration, or await a decision from the federal district court in California on an identical petition to compel arbitration.

¶ 12 Supreme Court Rule 307 addresses interlocutory appeals as of right. Ill. S. Ct. R. 307 (eff. Nov. 1, 2017). Under Rule 307(a)(1), an appeal may be taken to the appellate court from an interlocutory order granting modifying, refusing, dissolving, or refusing to

5

dissolve or modify an injunction. Ill. S. Ct. R. 307(a)(1) (eff. Nov. 1, 2017). In determining what constitutes an appealable injunctive order under Rule 307(a)(1), courts look to the substance of the action, not the form. *In re A Minor*, 127 Ill. 2d 247, 260 (1989). Generally, an order granting or denying a stay of the trial court's proceedings is considered injunctive in nature, and appealable under Rule 307(a)(1). See, *e.g.*, *Salsitz v. Kreiss*, 198 Ill. 2d 1, 11 (2001); *In re A Minor*, 127 Ill. 2d at 260-61. Here, the defendant moved to stay the proceedings in Illinois, and thereby enjoin the plaintiffs from prosecuting their claims, pending a ruling on the defendant's petition to compel arbitration in the federal action, and the circuit court denied that motion. The circuit court's decision to deny a stay is treated as a denial of a request for an injunction, and is, therefore, an appealable order under Rule 307(a)(1). *In re A Minor*, 127 Ill. 2d at 260-61.

¶ 13    Having concluded that we have jurisdiction of the appeal, we now consider whether the circuit court abused its discretion by denying the defendant's motion to stay the proceedings in Illinois, pending a ruling by the federal district court on the defendant's petition to compel arbitration. The decision to grant or deny a stay is within the discretion of the trial court, and that decision will not be overturned on appeal unless the court abused its discretion. *Kellerman v. MCI Telecommunications Corp.*, 112 Ill. 2d 428, 447 (1986); *May v. SmithKline Beecham Clinical Laboratories, Inc.*, 304 Ill. App. 3d 242, 246 (1999). An abuse of discretion occurs when the circuit court acts arbitrarily without the employment of conscientious judgment, exceeds the bounds of reasons, or ignores or misapprehends the law. *May*, 304 Ill. App. 3d at 246.

6

¶ 14　In this case, the defendant moved to stay all proceedings in the Illinois action, including a hearing on its motion to compel arbitration, pending a ruling by the federal district court on a nearly identical petition to compel arbitration. Although the defendant did not cite to a specific procedural rule to support its motion, it appears that the defendant's motion was made pursuant to section 2-619(a)(3) of the Code (735 ILCS 5/2-619(a)(3) (West 2018)). Section 2-619(a)(3) provides that a defendant may move for a dismissal or other appropriate relief if another action is pending involving the same parties and for the same cause of action. 735 ILCS 5/2-619(a)(3) (West 2018). Section 2-619(a)(3) is designed to avoid duplicative litigation, and it is to be applied to carry out that purpose. *Kellerman*, 112 Ill. 2d at 447. However, even when the threshold requirements of "same parties" and "same cause" are satisfied, section 2-619(a)(3) relief is discretionary, not mandatory. *Kellerman*, 112 Ill. 2d at 447.

¶ 15　For purposes of section 2-619(a)(3), "same parties" does not mean that the parties to both actions must be identical. *May*, 304 Ill. App. 3d at 247. The "same parties" element is met where the litigants' interests are sufficiently similar, even if the litigants differ in name or number. *May*, 304 Ill. App. 3d at 247. Additionally, "same cause" does not mean the same cause of action or legal theory. The "same cause" element is met when the relief requested is based on the same set of facts. *May*, 304 Ill. App. 3d at 247. In this case, except for plaintiff H&H Pharmacy, who was not named as a respondent in the federal action, all parties to the Illinois action were also parties to the federal action. In addition, there is no dispute that the parties' claims arose from the same transaction or occurrence, *i.e.*, contract disputes regarding the propriety of the reimbursement rates for prescription drug costs.

7

During the hearing on the motion to stay, the defendant acknowledged that its federal petition to compel arbitration mirrored the motion to compel arbitration pending in the St. Clair County circuit court. Thus, the record demonstrates that the Illinois action and the federal action involved the "same parties" and "same cause."

¶ 16    Even though the threshold elements of "same parties" and "same cause" were satisfied, the circuit court was not required to stay the proceedings in Illinois. *Zurich Insurance Co. v. Baxter International, Inc.*, 173 Ill. 2d 235, 243 (1996); *Kellerman*, 112 Ill. 2d at 447. A court has discretion to determine whether to stay the proceedings before it. Factors that a court should consider in determining the propriety of a stay under section 2-619(a)(3) include: comity; the prevention of multiplicity, vexation, and harassment; the likelihood of obtaining complete relief in the foreign jurisdiction; and the *res judicata* effect of a foreign judgment in a local forum. *Kellerman*, 112 Ill. 2d at 447-48. It is important to point out, however, that not all *Kellerman* factors may apply in every case. *Kapoor v. Fujisawa Pharmaceutical Co.*, 298 Ill. App. 3d 780, 789 (1998). Additionally, the *Kellerman* factors are not all-inclusive, and a court may consider additional factors that bear on its discretion. *May*, 304 Ill. App. 3d at 248.

¶ 17    Comity means "giving respect to the laws and judicial decisions of other jurisdictions out of deference." *May*, 304 Ill. App. 3d at 248. Here, the circuit court determined that the comity factor was not particularly relevant because the federal district court had not ruled on the defendant's petition to compel arbitration, and because principles of comity did not apply to "a first filed case properly filed in the Illinois court." The defendant claims that principles of comity favored a stay of the Illinois action. The

8

defendant argues that the circuit court abused its discretion in finding that the principles of comity do not apply to "a first filed case properly filed in Illinois," and that the circuit court failed to consider whether the cause of action had a legitimate and substantial relationship to Illinois. The fact that one case was filed prior to the other is not determinative in resolving a section 2-619 (a)(3) motion to stay. *A.E. Staley Manufacturing Co. v. Swift & Co.*, 84 Ill. 2d 245, 252 (1980). That said, a court may consider the progress of the litigation in each case. A court may also consider whether the litigation has a legitimate and substantial relationship to Illinois. See *A.E. Staley Manufacturing Co.*, 84 Ill. 2d at 252-53; *Continental Grain Co. v. FMC Corp.*, 27 Ill. App. 3d 819, 823-24 (1975). After reviewing the order in its entirety, we find that the circuit court considered whether the cause had a legitimate and substantial relationship to Illinois as well as the progress of the litigation in the Illinois action and the federal action.

¶ 18    In its order, the circuit court pointed out that 12 of the 45 plaintiffs were citizens of Illinois, and that their claims arose from business activities involving the sale of prescription drugs to Illinois citizens in Illinois. The remaining plaintiffs who joined in the Illinois action were from 14 other states. The court also pointed out that none of the respondents named in the federal action resided in California, and the defendant did not allege that any of the respondents conducted business in California. The court was aware that defendant OptumRx was a California corporation, and that OptumRx's predecessor, Catamaran Corporation, was an Illinois corporation. Finally, the court determined that the provisions in the applicable OptumRx provider manuals and agreements only required that the venue for arbitration was California, and did not require that motions to compel

arbitration be adjudicated by a California court. Thus, the circuit court concluded that the plaintiffs' action was properly filed in Illinois, and that California's relationship to the litigation was no greater than Illinois's relationship.

¶ 19 The court also determined that the comity factor was not particularly relevant because the federal district court had not ruled on the defendant's petition to compel arbitration. During the hearing on the motion to stay, the parties indicated that the briefings on the defendant's federal petition to compel arbitration had not been completed, and the federal district court had made no substantive rulings. In contrast, the record indicates that in the Illinois action, the defendant filed a motion to compel arbitration, and an accompanying legal memorandum supported by an affidavit and exhibits, and that the plaintiffs had filed their memorandum in opposition with supporting affidavits and exhibits. Thus, the proceedings regarding the motion to compel arbitration were much further along in the Illinois action. Given this record, we do not find that principles of comity dictated a stay of the Illinois action. *May*, 304 Ill. App. 3d at 248.

¶ 20 The defendant next argues that the circuit court abused its discretion in finding that the prevention of multiplicity, vexation, and harassment did not favor a stay of the proceedings in Illinois. The defendant claims that there was no evidence in the record to suggest that it filed the federal action to harass or vex the plaintiffs.

¶ 21 In this case, the defendant filed its federal petition to compel arbitration more than two months after the defendant filed a nearly identical motion to compel arbitration in the Illinois action. Thus, there were two actions involving the arbitrability of the plaintiffs' claims. During the hearing on the motion to stay, the circuit court inquired into the progress

10

of the litigation in each case. According to the record, the arbitrability issues had been extensively briefed in the Illinois action, while briefing had not been completed in the federal district court. Based on the record, the court, in its discretion, concluded that a stay of its proceedings was not warranted where the defendant filed an action to compel arbitration in the federal action after raising and briefing that issue in the Illinois action. While there is no evidence that the defendant filed the federal action to harass the plaintiffs, the filing of the second action has served to delay the proceedings in Illinois, including an expeditious, substantive determination of the arbitration issues (*Sturgill v. Santander Consumer USA, Inc.*, 2016 IL App (5th) 140380, ¶ 25 (when faced with a motion to compel arbitration, the trial court is directed to act expeditiously and make a substantive determination of the issues)). Thus, the circuit court did not abuse its discretion in finding that this factor did not weigh in favor of a stay of the Illinois action.[1]

¶ 22   The next factor is the likelihood of obtaining complete relief in a foreign jurisdiction. In addressing this factor, the circuit court found that because one plaintiff—H&H Pharmacy—was omitted from the federal action, the proceedings involving that plaintiff's claims would proceed in Illinois. The circuit court further found that unless the defendant prevailed on all aspects of the arbitration motion, at least some of the claims of the other 44 Illinois plaintiffs would remain at issue in the Illinois action. The court concluded that complete relief could only be provided in the Illinois action. Based on this

---

[1]The filing of the second action in Illinois, if done for the purpose of delaying the orderly progress of this case, including ongoing discovery, is an additional factor that the trial court could have considered in its discretion. Regardless of the two pending motions related to compelling arbitration, discovery should proceed, absent some factor to the contrary.

record, the circuit court did not abuse its discretion in finding that this factor did not weigh in favor of a stay of the Illinois action.

¶ 23 The fourth factor to be considered is the *res judicata* effect of a foreign judgment in a local forum. *Res judicata* bars a subsequent action only if the successful prosecution of that action would in effect nullify the judgment entered in the prior litigation. *Whittmanhart, Inc. v. CA, Inc.*, 402 Ill. App. 3d 848, 856 (2010). As previously discussed, the federal district court had not ruled on the defendant's petition to compel arbitration. Moreover, plaintiff H&H Pharmacy was not a party to the federal action, and it is possible that some of its claims could proceed in Illinois. Thus, this factor did not weigh in favor of granting a stay of the Illinois action.

¶ 24 The circuit court also rejected the defendant's contentions that allowing the Illinois action to proceed would deprive it of its contractual right to a "federal remedy" under the FAA, and that the federal district court in California was more familiar with claims involving the FAA and the laws of California. It is well settled that the FAA created federal substantive law that is applicable in both federal and state courts. *Southland Corp. v. Keating*, 465 U.S. 1, 12 (1984). When presented with a motion to stay litigation pending arbitration under the FAA, the court's inquiry is limited to certain "gateway matters," such as whether the parties have a valid agreement to arbitrate, and if so, whether the issues in dispute fall within the scope of the arbitration agreement. *Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444, 452 (2003); *Sturgill*, 2016 IL App (5th) 140380, ¶ 22. Thus, whether the contracts at issue here contain valid and enforceable arbitration clauses under the FAA are matters which the circuit court could decide. Here, the circuit court stated that it was

fully capable of applying the federal substantive law of the FAA and the law of California, and protecting the defendant's contractual rights, and the defendant's suggestions to the contrary are purely speculative. Therefore, we find that the defendant's contentions are without merit.

¶ 25    After reviewing the order of the circuit court and the record in the case at bar, we do not find that the circuit court ignored recognized principles of law resulting in substantial prejudice to the defendant or that the court's decision to deny a stay of the proceedings was arbitrary or fanciful. Therefore, we conclude that the circuit court did not abuse its discretion in denying the defendant's motion to stay the proceedings in Illinois.

¶ 26    Accordingly, the judgment of the circuit court is affirmed, and the cause is remanded for further proceedings.


¶ 27    Affirmed and remanded.