2025 IL App (1st) 221941-U

Fourth Division
Filed January 16, 2025

Nos. 1-22-1941, 1-23-0272, 1-23-0500 cons.

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | |
|---|---|
| FIRST AMERICAN PROPERTIES AND ACQUISITIONS, INC., <br><br> Plaintiff-Appellee, <br><br> v. <br><br> HARRY OIL, LLC, and VIPUL M. PATEL, <br><br> Defendants-Appellants. | Appeal from the <br> Circuit Court of Cook County <br><br> No. 2019 L 009969 <br><br> The Honorable Jerry A. Esrig, <br> Judge, presiding. |

JUSTICE OCASIO delivered the judgment of the court.
Presiding Justice Rochford and Justice Hoffman concurred in the judgment.

**ORDER**

¶ 1     *Held:* In these consolidated appeals, we found that we lacked jurisdiction over the interlocutory appeal from the order granting plaintiff partial summary judgment on liability. After finding we had appellate jurisdiction over the appeals from the interlocutory order denying the defendants' motion for stay of proceedings and from the final judgment, we affirmed the denial of the stay, the order granting partial summary judgment on liability only, and the final judgment.

¶ 2     These consolidated appeals arise out of a suit for breach of contract and breach of guaranty brought by plaintiff, First American Properties and Acquisitions, Inc. (First American), against defendants, Harry Oil, LLC, and Vipul M. Patel. Nearly three years after the complaint was filed, the defendants sought leave to amend their counterclaims to include new causes of action against First American and one of its corporate officers. The proposed claims involved an unrelated transaction. The trial court denied leave to amend, and it also denied the defendants' alternative

request to stay proceedings to allow them to bring their claims in a separate lawsuit and then seek to consolidate the two cases for trial. The defendants filed a notice of appeal from the denial of the stay (No. 1-22-1941). While the appeal was pending, the trial court granted First American partial summary judgment on liability only, and after a prove-up of damages, it entered judgment for First American. The defendants took separate appeals from the order granting partial summary judgment on liability (No. 1-23-0272) and from the judgment order (No. 1-23-0500).

¶ 3     On appeal, the defendants argue that the trial court abused its discretion by denying a stay and, due to the pending interlocutory appeal from that order, lacked jurisdiction to proceed to judgment. First American contends that we lack jurisdiction to review any of the orders being appealed. For the following reasons, we affirm the order denying a stay of proceedings (No. 1-22-1941), dismiss the appeal from the order granting partial summary judgment (No. 1-23-0272), and, in the appeal from the final judgment, affirm both the order granting partial summary judgment on liability and the entry of judgment in favor of First American (No. 1-23-0500).

¶ 4                                     I.  BACKGROUND

¶ 5     On September 10, 2019, First American filed a two-count complaint for breach of contract against Harry Oil and breach of a guarantee against Patel. The complaint alleged that, in 2007, Harry Oil secured a $577,000 loan from the Small Business Administration by executing a promissory note, and Patel executed an individual guarantee of payment under the note. The note and the guarantee were later assigned to First American. The complaint further alleged that, in 2018, the defendants defaulted on their respective obligations, and it sought payment of the outstanding principal plus interest, which, at the time the complaint was filed, amounted to approximately $650,000. The defendants' answer raised seven counterclaims.[1] Five of the counterclaims involved an alleged settlement agreement between the parties that, the defendants alleged, First American breached by filing suit. The sixth counterclaim sought equitable rescission

---

[1]   The prayers for relief all named Patel as a counterplaintiff; Harry Oil was only named as a counterplaintiff in the count claiming unjust enrichment.

of the underlying note based on fraud in the inducement. The seventh counterclaim sought to recover in *quantum meruit*. On February 1, 2022, the trial court dismissed all but one of the counterclaims—counterclaim two, which alleged breach of an oral settlement agreement—on the motion of First American. The court gave the defendants 21 days to amend their counterclaims, but the defendants did not do so.

¶ 6       In August 2022, about one month before the close of discovery, the defendants filed a joint "Motion for Leave to File Second [*Sic*] Amended Answer, Affirmative Defenses and Counterclaims and to Add Niki-Alexander Shetty as Counter-Defendant." Approximately 26 hours later, they then filed an "Amended Motion for Leave to Plead New Counterclaims or Alternatively to Stay Proceedings Pending Separate Lawsuit and Consolidation for Trial," which we take to be an amended version of the motion filed the day before. Both motions were supported by what appears to be identical documents entitled "Verified Second [*sic*] Amended Answer, Affirmative Defenses and Counterclaims of Defendants Harry Oil LLC and Vipul M. Patel." The proposed amended counterclaims included three new claims, all naming Patel as the sole counterplaintiff, alleging that First American and its president, Niki-Alexander Shetty, had fraudulently induced him to transfer $750,000 in funds related to the mortgage on a property in Will County. There seems to be no dispute that the allegedly fraudulent transaction is not factually related to First American's claims in this case.[2] The motion justified the belated request to plead new counterclaims by asserting that the defendants first learned about the allegedly fraudulent conduct after they received a notice of delinquency in April 2022. Alternatively, the defendants asked the court to stay proceedings in this case so they could file a separate action raising his new claims that could, eventually, be consolidated for trial with this case.

_____

[2]  The proposed amended counterclaims also amended five of the original claims, four of which had already been dismissed, to name Harry Oil as an additional plaintiff and to add Shetty as a defendant to three breach-of-contract claims. On appeal, the defendants do not raise any arguments concerning their implicit request to make those additional amendments. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited.").

¶ 7    In November 2022, with the motion to plead new counterclaims still pending, First American filed a motion for summary judgment. In its motion, First American sought judgment on both liability and for damages based in part on the defendants' failure to make payments on the note and the guarantee. In the alternative, First American asked the court to enter partial summary judgment on liability and set a prove-up hearing for damages. The court entered a briefing schedule and set the motion to be heard on January 13, 2023.

¶ 8    On December 6, 2022, the court held a hearing on the motion for leave to plead new counterclaims. In an order entered after the hearing, the court denied the motion without prejudice to the defendants' ability to assert those claims in a separate action. It also denied the alternative request for a stay of proceedings "for the reasons stated on the record."[3] On December 27, 2022, the defendants filed a notice of appeal from the December 6, 2022 denial of a stay. The appeal was docketed under No. 1-22-1941. The defendants later filed what purported to be a three-volume Rule 328 supporting record.

¶ 9    Meanwhile, the defendants did not file a response to the pending motion for summary judgment, and they did not appear at the January 13, 2023 hearing on the motion. After the hearing, the court entered an order granting First American's partial summary judgment on liability and set the case for a damages prove-up hearing on February 16. The court also ordered First American to provide evidence of the claimed damages, including the loan ledger. On February 10, 2023, the defendants filed a notice of appeal from the January 13 order. The appeal was docketed under No. 1-23-0272.

¶ 10   Counsel for the defendants appeared at the February 16, 2023 prove-up hearing, but only for the purpose of challenging the court's jurisdiction given the pending appeal from the denial of the defendants' request for a stay (No. 1-22-1941). The court found that the pending appeal did not

___

[3]    As originally filed, the record on appeal did not include a transcript of the hearing. After filing their reply brief, the defendants sought to supplement the record on appeal with the transcript. We denied that belated request.

deprive it of jurisdiction, and, based on the evidence of damages presented, it entered a final judgment in favor of First American for $917,021.65.

¶ 11    On March 16, 2023, the defendants filed a notice of appeal from the February 16 final judgment order. The appeal was docketed under No. 1-23-0500.

¶ 12    At the defendants' request, we consolidated all three appeals.

¶ 13                                II.  ANALYSIS

¶ 14    The defendants argue on appeal that the trial court erred by denying a stay and that the pendency of their interlocutory appeal deprived the trial court of jurisdiction to enter the orders granting partial summary judgment on liability and entering final judgment, including damages, in favor of First American. First American contends that the defendants never properly invoked this Court's jurisdiction and, accordingly, that the trial court retained jurisdiction to proceed to judgment.

¶ 15                            A.  Appellate Jurisdiction

¶ 16    We will begin by evaluating our own jurisdiction in each appeal, which we would have an independent duty to do even absent a party's challenge to it. *People v. Smith*, 228 Ill. 2d 95, 104 (2008). In general, we have jurisdiction to review appeals from final orders or judgments. See Ill. Const. 1970, art. VI, § 6; Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). Interlocutory orders are only reviewable as authorized by the supreme court rules. *EMC Mortgage Corp. v. Kemp*, 2012 IL 113419, ¶ 9. Appellate jurisdiction is a question of law that we review *de novo*. *People v. Van Dyke*, 2020 IL App (1st) 191384, ¶ 41.

¶ 17    We find that we have jurisdiction to review the stay order entered on December 6, 2022 that is the subject of appeal No. 1-22-1941. Although that order is interlocutory, Rule 307(a)(1) authorizes interlocutory appeals of orders "granting, modify, refusing, dissolving, or refusing to dissolve or modify an injunction." Ill. S. Ct. R. 307(a)(1) (eff. Nov. 1, 2017). It is well-established that an order denying a stay of proceedings is injunctive in nature and, accordingly, appealable on an interlocutory basis. *Blumenthal v. Brewer*, 2016 IL 118781, ¶ 39. First American argues that,

even if the stay is reviewable, the trial court's decision not to permit the defendants to plead new counterclaims is not. But as we understand the defendants' briefs, they are not challenging the trial court's denial of their request to raise new counterclaims, only the court's denial of a stay, so we need not consider that point.

¶ 18    The January 13, 2023 order granting partial summary judgment was also a nonfinal order, and we agree with First American that no supreme court rules authorize an interlocutory appeal from a nonfinal order that grants a motion for summary judgment on a portion of the complaint but does not enter final judgment thereon. Therefore, we lack jurisdiction in appeal No. 1-23-0272, which is not an authorized interlocutory appeal. First American's motion to dismiss that appeal, which we took with the case, is granted.

¶ 19    In contrast to the first two appeals, appeal No. 1-23-0500 is an appeal from a final judgment order, so we necessarily have jurisdiction. See Ill. Const. 1970, art. VI, § 6; Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). Our jurisdiction, moreover, is not limited to reviewing the final judgment order itself: we are also empowered to review "any interlocutory orders that were a 'step in the procedural progression' leading to the judgment." *Northbrook Bank & Trust Co. v. 2120 Div. LLC*, 2015 IL App (1st) 133426, ¶ 8 (quoting *CitiMortgage, Inc. v. Bukowski*, 2015 IL App (1st) 140780, ¶ 13). That includes, obviously, the January 13, 2023 order that granted partial summary judgment on liability and set the case for a proof-of-damages hearing. Hence, although we are dismissing appeal No. 1-23-0272, we are satisfied that we have jurisdiction to review the order that was the subject of that appeal.

¶ 20                                    B.  Denial of Stay of Proceedings

¶ 21    We now turn to the merits of the trial court's decision to deny the defendants' request for a stay of proceedings. The defendants sought that stay as an alternative in the event that the trial court denied leave to plead their new counterclaims so that they could file those claims in a separate action and then seek consolidation with this case for trial. The decision to grant or deny a stay is within the trial court's discretion. *Universal Metro Asian Services Association* v. *Mahmood*, 2021

IL App (1st) 200584, ¶ 26. In determining whether the trial court abused its discretion, the reviewing court should not decide whether it disagrees with the trial court. Instead, the reviewing court should reverse only if it finds that the trial court " 'acted arbitrarily without the employment of conscientious judgment or, in view of all the circumstances, exceeded the bounds of reason and ignored recognized principles of law so that substantial prejudice resulted.' " *May v. SmithKline Beecham Clinical Laboratories, Inc.*, 304 Ill. App. 3d 242, 246 (1999) (quoting *Zurich Insurance Co. v. Raymark Industries, Inc.*, 213 Ill. App. 3d 591, 594-95 (1991)).

¶ 22        Here, we are unable to evaluate the trial court's exercise of its broad discretion to determine whether to stay proceedings. The court's written order states that it denied a stay of proceedings "for the reasons stated on the record." But the record on appeal does not contain a transcript from the hearing, so it does not disclose what reasons the court gave for denying a stay. The defendants, as the appellants, bear the burden of presenting a complete record in support of their claim of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). When the record is not complete, we presume that what was missing would have disclosed a proper legal and factual basis for entering the order being challenged. *Id.* at 392. "As there is no transcript of the hearing on the motion *** here, there is no basis for holding that the trial court abused [its] discretion in denying the motion." *Id.*

¶ 23        With that said, we recognize that, on February 8, 2023, the defendants filed a motion in this court seeking leave to file the report of proceedings *instanter*, to which they attached a purported transcript of the December 6, 2022 hearing. At that time, the only appeal pending was the Rule 307 interlocutory appeal in No. 1-22-1941, and the only record on appeal was the Rule 328 supporting record. See Ill. S. Ct. R. 307(a) (eff. Nov. 1, 2017); Ill. S. Ct. R. 328 (eff. July 1, 2017). The transcript, however, was not "authenticated by the certificate of the clerk of the trial court or by the affidavit of the attorney or party filing it." Ill. S. Ct. R. 328 (eff. July 1, 2017). Accordingly, on February 17, 2023, we denied the motion without prejudice to the filing of a supplemental record which was properly certified and transmitted for electronic filing by the circuit court clerk. Nearly 21 months later, on November 15, 2024—which was after First American filed its brief— the defendants finally sought leave to file the transcript *instanter* as a supplemental record, but we

denied that motion because no certified supplemental record had been transmitted by the circuit court. It was not until December 2, 2024, that the defendants sought leave to file a supplemental record that had been properly certified and transmitted by the circuit court. First American objected to the December 2 motion on the grounds of prejudice and untimeliness, and those objections are well-taken. As appellants, the defendants had the responsibility not only to provide a sufficient and properly prepared record on appeal but also to do so in a timely manner. See Ill. S. Ct. R. 326 (eff. July 1, 2017) (requiring record to be filed within 63 days of the filing of the notice of appeal). They failed to discharge that responsibility, and they have not offered any good for us to excuse their lack of diligence.

¶ 24    Based on the record before us, we discern no abuse of discretion in the trial court's denial of the motion to stay. The case was in a posture for disposition on the alleged failure to make payments on a note and a guarantee, and the new claims that defendants sought to be raised were not related to the claims that were ready for adjudication. The order denying a stay of proceedings is affirmed.

¶ 25                    C.  Partial Grant of Summary Judgment and Entry of Final Judgment

¶ 26    The defendants next argue that the pendency of their interlocutory appeal from that order deprived the trial court of jurisdiction to proceed on First American's motion for summary judgment, grant that motion in part as to liability, hold a damages prove-up hearing, and then enter judgment against the defendants, rendering those actions void. See *In re Gonder*, 139 Ill. App. 3d 627, 628 (1986) ("If the circuit court attempts to act after notice of appeal [from a final judgment] is filed, but before the reviewing court's mandate is returned, such actions are void."). But contrary to the defendants' suggestion in their briefs, an interlocutory appeal does not entirely deprive the trial court of jurisdiction over the case. It only "divests the trial court of jurisdiction to change or modify the interlocutory order that is on appeal or to make any ruling that would affect the subject matter or substance of that interlocutory order." *Landmarks Illinois v. Rock Island County Board*, 2020 IL App (3d) 190159, ¶ 36 (citing *R.W. Dunteman Co. v. C/G Enterprises, Inc.*, 181 Ill. 2d

153, 162 (1998)). The trial court retains "jurisdiction to hear and determine matters in the pending litigation that arise independently of and are unrelated to the interlocutory order before the reviewing court." *Hartz v. Brehm Preparatory School, Inc.*, 2021 IL App (5th) 190327, ¶ 32. The notice of interlocutory appeal, in other words, "merely served to restrain the trial court from either changing or modifying the injunction order, and from taking any other action which would interview with appellate review of that order." *Payne v. Coates-Miller, Inc.*, 68 Ill. App. 3d 601, 608 (1979).

¶ 27    Here, the trial court took no further action with respect to its order denying a stay. Furthermore, proceeding on the motion for summary judgment, granting that motion in part, holding a damages prove-up hearing, and entering final judgment had no impact on our ability to review the denial of a stay. "A stay order seeks only to preserve the status quo existing on the date of its entry and does not address in any way the merits of the underlying dispute." *Kaden v. Pucinski*, 263 Ill. App. 3d 611, 615 (1994). Although the entry of judgment defeated the objective of the requested stay, it did not prevent us from affording appropriate relief on appeal: had we found that the trial court abused its discretion by denying the stay, we would have been able to restore the proceedings to the status quo that existed on December 6, 2022, by vacating the trial court's subsequent orders and final judgment. See Ill. S. Ct. R. 366(a)(5) (eff. Feb. 1, 1994) (authorizing reviewing court to "make any *** orders and grant any relief *** that the case may require"). Hence, the notice of appeal from the December 6, 2022 denial of a stay did not deprive the trial court of jurisdiction to proceed to judgment on the merits. Neither the January 13, 2023 order granting, in part, First American's motion for summary judgment nor the February 16, 2023 final judgment order are void.

¶ 28    The defendants do not challenge the merits of the trial court's grant of partial summary judgment or its entry of final judgment in favor of First American. Accordingly, they have forfeited any merits-based arguments they might have raised. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited."). We therefore affirm the trial court's order granting partial

summary judgment as to liability and its entry of the final monetary judgment in favor of First American.

¶ 29                               III.  CONCLUSION

¶ 30        For the foregoing reasons, we affirm the trial court's December 6, 2022 interlocutory order insofar as it denied a stay of proceedings, we dismiss the defendants' appeal from the January 13, 2023 interlocutory order granting the motion for summary judgment, and we affirm both the January 13, 2023 order granting partial summary judgment as to liability and the entry of final judgment in favor of First American and against the defendants.

¶ 31        No. 1-22-1941, Order affirmed.

¶ 32        No. 1-23-0272, Appeal dismissed.

¶ 33        No. 1-23-0500, Judgment affirmed.