**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 220151-U

Order filed May 31, 2023

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| STATE FARM FIRE & CASUALTY COMPANY, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | |
| STEVEN McCUISTON, RAYETTA McCUISTON, and RAHEEMUNISSA BEGUM, | ) ) ) ) | Appeal No. 3-22-0151 Circuit No. 21-MR-579 |
| Defendants | ) ) ) | |
| (Rayetta McCuiston, | ) ) | The Honorable Paul M. Fullerton, |
| Defendant-Appellee). | ) | Judge, Presiding. |

JUSTICE McDADE delivered the judgment of the court.
Justices Brennan and Davenport concurred in the judgment.

**ORDER**

¶ 1     *Held*:   An insurer was estopped from challenging the circuit court's order staying the insurer's declaratory judgment action because it was the party that sought the stay.

¶ 2    The plaintiff, State Farm Fire & Casualty Company (State Farm), filed a declaratory judgment action against the defendants, Rayetta and Steven McCuiston[1], and Raheemunissa Begum, seeking a ruling that it had no duty to defend or indemnify Rayetta and Steven in a separate civil action that had been filed against them by Begum. Rayetta filed a motion to dismiss, which the circuit court was prepared to grant without prejudice when State Farm convinced the court to stay the case instead. State Farm now appeals from that stay order, alleging that the stay constituted an abuse of discretion. We affirm.

¶ 3                                    I.  BACKGROUND

¶ 4    On March 8, 2019, Rayetta and Steven were at a bar when they arranged for a ride from Lyft, a rideshare company. Lyft employee Begum picked up Rayetta and Steven, who sat in the rear seats of the vehicle. During the ride, when Begum refused to make an illegal turn, Rayetta and Steven allegedly assaulted her verbally, which included racial slurs and threats from Steven that he was going to break her neck and kill her. The assault caused Begum to stop her vehicle and request Rayetta and Steven to exit. She also called 911. Steven allegedly grabbed at Begum during the call and threatened to kill her. Begum then left her vehicle after being told over the phone by the police to do so. Steven pursued her, however, and allegedly punched and kicked at her multiple times. She evaded a punch that she claimed was aimed at her head; the punch ended up striking her in the shoulder. Then, Steven returned to Begum's vehicle and damaged it. Steven was arrested in connection with the incident and was charged with a hate crime, assault, and criminal damage to property. He was convicted of misdemeanor battery on March 25, 2021.

_____

[1] Due to their shared last name and to avoid confusion, we will refer to them by their first names. We will continue to refer to Begum by her last name, as is our standard practice.

¶ 5    In March 2021, Begum filed a nine-count civil complaint against Rayetta and Steven. Counts I to V alleged assault, battery, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence against Steven. Counts VI to IX alleged aiding and abetting assault, aiding and abetting battery, intentional infliction of emotional distress, and negligent infliction of emotional distress against Rayetta.

¶ 6    Rayetta and Steven tendered their defense to their homeowners' insurer, State Farm, who subsequently filed a complaint for declaratory judgment in June 2021 and amended it in November 2021. The complaint sought rulings that State Farm had no duty to defend or indemnify Rayetta and Steven in Begum's civil action, citing, in relevant part, policy provisions on "occurrences" and exclusions for intentional actions; actions that a reasonable person would expect to cause bodily injury or property damage; and any actual, alleged, or threatened mental abuse that caused bodily injury or property damage.

¶ 7    In response, Rayetta filed a motion to dismiss State Farm's declaratory judgment action, arguing that it was premature. Rayetta claimed that State Farm was improperly attempting to secure rulings on questions of ultimate fact from the underlying case. At a hearing in February 2022, the circuit court agreed with Rayetta and granted the motion to dismiss without prejudice and with leave to replead. Counsel for State Farm explained that a stay was more appropriate because the court's ruling was a *de facto* ruling that the duty to defend existed, but the question of the duty to indemnify remained open. After further discussion, the court decided not to dismiss State Farm's action and instead gave the parties two weeks to address the matter.

3

¶ 8    On March 15, 2022, the circuit court decided to stay State Farm's declaratory judgment action as to Rayetta pending the outcome of the underlying civil action. State Farm filed a timely notice of appeal from the circuit court's order that stayed the declaratory judgment action.[2]

¶ 9                                 II. ANALYSIS

¶ 10    On appeal, State Farm argues that the circuit court erred when it stayed the declaratory judgment action. The argument State Farm actually presents in its appellant's brief, though, is based on its belief that "[t]he question presented here is whether the coverage issue on which State Farm's complaint seeks declaratory relief as to Rayetta requires resolution of any such ultimate facts relating to contested issues of liability in the tort case."

¶ 11    We first note that in relevant part, Rule 307(a)(1) permits interlocutory appeals as a matter of right from the granting of an injunction. Ill. S. Ct. R. 307(a)(1) (eff. Nov. 1, 2017). Because a stay is injunctive in nature, interlocutory appeals may be taken under Rule 307(a)(1) from the grant or denial of a stay. *Aventine Renewable Energy, Inc. v. JP Morgan Securities, Inc.*, 406 Ill. App. 3d 757, 759 (2010). However, the scope of appellate review under Rule 307(a)(1) is limited. *Postma v. Jack Brown Buick, Inc.*, 157 Ill. 2d 391, 399 (1993).

> "In such an appeal, the only question properly before the reviewing court is whether there was a sufficient showing made to the trial court to sustain its order granting or denying the interlocutory relief sought. [Citation.] The rule may not be used as a vehicle to determine the merits of a plaintiff's case." *Id.*

---

[2] We note that Rayetta has filed a motion to dismiss this appeal for lack of jurisdiction. We hold that we have jurisdiction under Rule 307(a)(1) and hereby deny Rayetta's motion.

4

Before we could even get to the question of whether there was a sufficient showing to sustain the grant of the stay in this case, it is critical to address *how* that stay came about, a matter which State Farm conveniently ignores in the argument section of its appellant's brief.

¶ 12 Here, State Farm ignores the fact that *it* was the party that sought the stay, not Rayetta. The circuit court was prepared to dismiss State Farm's declaratory judgment action without prejudice pursuant to Rayetta's motion when State Farm convinced the court to stay the case instead. Now, State Farm has come before this court complaining—without any actual supporting argument—that the circuit court abused its discretion when it ordered the very result State Farm sought.[3]

¶ 13 As stated by our supreme court:

> "The rule of invited error or acquiescence is a procedural default sometimes described as estoppel. *People v. Harvey*, 211 Ill. 2d 368, 385 (2004). Simply stated, a party cannot complain of error which that party induced the court to make or to which that party consented." *In re Detention of Swope*, 213 Ill. 2d 210, 217 (2004).

Clearly, State Farm alone induced the circuit court to order a stay in this case. In an attempt at misdirection in its reply brief, State Farm claims it "did not acquiesce in the trial court's prematurity finding." But the initial issue here is not with any prematurity finding. Rather, the initial issue is what consequences arise from State Farm being the party who sought the stay.

---

[3] In her appellee's brief, Rayetta emphasized State Farm's failure to address the fact that it sought the stay. In its reply brief, State Farm tried to dismiss the consequences of that fact by claiming that it "invoked the only avenue available to it to pursue appellate review of the prematurity finding in light of the trial court's procedural election to stay the case." State Farm's argument is misguided and unpersuasive.

Under the doctrine of invited error, we hold that State Farm is estopped from challenging the stay order on appeal. See *id.*

¶ 14                                    III.  CONCLUSION

¶ 15          For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

¶ 16          Affirmed.